**WENSTRAND v. UNITED STATES** [*]
(two cases).

Circuit Court of Appeals, Eighth Circuit.
May 3, 1927.

Nos. 7578, 7579.

1. **Banks and banking** ⊜⊃257(4)—Trial court held without power to impose fine on counts for violating National Banking Act (Comp. St. § 9657 et seq.).

Trial court *held* not to have had power to impose $50 fine on each count of indictment for violation of the National Banking Act (Comp. St. § 9657 et seq.).

2. **Criminal law** ⊜⊃1177—Concurrent sentence on several counts, within power of court to impose on any one, will not be set aside if any count charges sufficient facts.

Where sentence imposed on each of counts, to run concurrently, was within power of court to impose for any single violation of law charged, judgment may not be set aside if any

[*] Rehearing denied October 5, 1927.

one count is sufficient to make out an offense, although all other counts may be found fatally defective.

· 3. Banks and banking ⬤⟳257 (1½)—Count for violation of National Banking Act, alleging defendants converted moneys of bank held sufficient (Comp. St. § 9657 et seq.).

Count of indictment for violation of National Banking Act (Comp. St. § 9657 et seq.), alleging officers abstracted certain money and converted it to their own use, benefit, and advantage, as well as to use of other persons, *held* sufficient to uphold judgment of conviction.

In Error to the District Court of the United States for the Southern District of Iowa; Albert L. Reeves, Judge.

C. A. Wenstrand and D. A. Wenstrand were convicted for violation of the National Banking Act, and they separately. bring error. Modified and affirmed. · ,

T. S. Allen, of Lincoln, Neb. (Oscar Wenstrand, of Omaha, Neb., Earl R. Ferguson, of Shenandoah, Iowa, and H. S. Stephens, of Clarinda, Iowa, on the brief), for plaintiffs in error.

Ross R. Mowry, U. S. Atty., of Newton, Iowa, Ray C. Fountain, Asst. U. S. Atty., of Des Moines, Iowa, and Frank F. Wilson, Asst. U. S. Atty., of Mt. Ayr, Iowa.

Before STONE and KENYON, Circuit Judges, and POLLOCK, District Judge.

POLLOCK, District Judge. The above cases are joint charges against plaintiffs in error (hereinafter called "defendants") for violations of the National Banking Act (Comp. St. § 9657 et seq.). The indictment charges defendants jointly with the commission of 17 separate violations of the act in that many counts of the indictment. C. A. Wenstrand was the president and D. A. Wenstrand the cashier, respectively, of the Farmers' National Bank of Shenandoah, Iowa, a member bank under the terms and within the meaning of the act of Congress known as the Federal Reserve Banking Act.

[1] At the trial C. A. Wenstrand was convicted on counts 6, 7, 9, and 11 of the indictment, and D. A. Wenstrand on counts 5 to 12, both inclusive, of the indictment, and each were acquitted on the remainder of the counts. Each defendant was sentenced to imprisonment for a term of three years on each count of the indictment of which he stood convicted, said terms of imprisonment to run concurrently with each other, making for each a three year cumulative sentence of imprisonment. Each defendant was likewise adjudged to pay a fine of $50 on each count of the indictment on which he was found guilty. However, as we are of the opinion there was no power under the act in the trial court to impose these fines, they will be set aside, and not further considered.

Defendants have taken separate proceedings in error. Same having been briefed and argued together, they will be disposed of as one case. In the first-named case there are 21 assignments of error taken, and in the second 26. These claims of error are impossible of separate consideration, and do not merit the same, as all may be considered together under a few heads; that is to say: (1) The sufficiency of the indictment to uphold the conviction had; (2) the refusal of the trial court to instruct verdict for defendants; (3) errors claimed in the charge of the court, and the refusal of the court to charge as requested; (4) for errors in the admission of evidence.

[2] Touching the sufficiency of the several counts of the indictment on which defendants were convicted and sentenced, it may be said: As both defendants were convicted on counts 6, 7, 9, and 11, and on each of said counts was sentenced to a term of three years' imprisonment, as said three-year term was well within the power of the court to impose for any single violation of the law charged, it is well settled, if it is found any one of said counts charges sufficient facts to make out an offense under the law, the judgment may not be set aside on this ground, although all the other counts may be found fatally defective. Locke v. United States, 7 Cranch, 339, 3 L. Ed. 364; Clifton v. United States, 4 How. 242, 11 L. Ed. 957; Claassen v. United States, 142 U. S. 140, 12 S. Ct. 169, 35 L. Ed. 966; U. S. v. Trenton Potteries Co. et al., 47 S. Ct. 377, 71 L. Ed. ——, Feb. 21, 1927.

An examination of the several counts above referred to each and all, save count 7, charge or attempt to charge a misapplication of the funds of the bank with intent to deceive the bank and its officers, agents, and any agent of the Comptroller of the Currency appointed to examine the affairs of the bank. In count 6 the misapplication is alleged to have been consummated by defendants unlawfully withdrawing or caused to be withdrawn from the account of one Matt O'Brien with the bank the sum of $2,560 and the placing of the same to the credit of the account of one Martinsen a depositor with the bank. Count 7 charges defendants with· unlawfully withdrawing or caused to be withdrawn from the account of said Matt O'Brien in the bank funds of the bank in amount $2,560, and the conversion of the same to the use of said defendant and one

Martinsen and others, and not to the use, benefit, or advantage of the bank. Count 9 charges the defendants with the unlawful withdrawal of $2,560 from the deposit account of one George Wilde in the bank, and a deposit of the same amount to the credit of the account of one Matt O'Brien with the bank, with intent to deceive as alleged in count 6. Count 11 charges the proceeds of a draft for $500 coming into the hands of the bank to apply on a note of $10,000 owed to the bank by one George Wilde and G. A. Manford, was deposited to the credit of George Wilde, with intent to defraud the banking institution and the joint maker of the note, Manford, and others.

From this brief synopsis of the charging parts of these counts, when it is considered the account of a customer in a bank is kept for the purpose of showing the amount of money owed by the bank to the depositor or vice versa, and when money is deposited by a customer in bank in open account, the money so deposited at once becomes the property of the banking institution, and the bank simply becomes the debtor of the depositor. How an officer of the bank can, with the intent prohibited by the statute, check out of such an account the money of the bank and convert the same to his own use, or the use and benefit of another, and not be guilty of a conversion or misapplication of the money of the banking company, is most difficult of comprehension, taking the language in the charging part of count 7, which reads, as follows:

"And the grand jurors aforesaid, upon their oaths aforesaid, do further find and present: That the said C. A. Wenstrand and the said D. A. Wenstrand, on or about the 30th day of July in the year of our Lord one thousand nine hundred and twenty-three, in the city of Shenandoah, county of Page, and state of Iowa, in the Southern division of the Southern district of Iowa, and within the jurisdiction of this court, the said C. A. Wenstrand being then and there an officer, to wit, president, of the Farmers' National Bank of Shenandoah, Iowa, and the said D. A. Wenstrand being then and there an officer, to wit, cashier, of the Farmers' National Bank of Shenandoah, Iowa, being then and there engaged in the banking business in the said city of Shenandoah, Iowa, having been theretofore organized and created under and by virtue of the laws of the United States in relation to national banks, and being a member bank as defined in the Act of Congress of December 23, 1913, known as the Federal Reserve Act, did willfully, knowingly, unlawfully, and feloniously, with intent to injure or defraud the said member bank, Matt O'Brien and divers other persons to these grand jurors unknown, and without the knowledge or consent of said member bank, its officers or directors, abstract certain of the moneys, funds, or credits of said member bank in the sum of and to the amount of twenty-five hundred sixty dollars * * * and did convert the same to the use, benefit, and advantage of the said C. A. Wenstrand, D. A. Wenstrand, Martin Martinsen, and divers other persons to these grand jurors unknown, and not to the use, benefit, and advantage of said member bank."

[3] Concerning the sufficiency of this count, whatever may be argued as to the sufficiency of other counts of the indictment, there can be no question of doubt; and it appears from the record to be abundantly supported by the evidence. In fact, the entire record establishes defendants were engaged in a systematic plan, as they needed funds, of going into the accounts of the bank's customers and taking out and using the credits of the customers to cover up shortages in the accounts of other depositors in the bank, thus using the money and funds of the bank and converting it to their own use, as though it were their own money.

This count as pleaded being unquestionably good and abundantly supported by the evidence, and as both defendants were convicted thereunder, and as this count alone is ample to uphold the judgment of conviction and imprisonment rendered, there is no necessity for the making of a careful analysis of the remaining counts of the indictment.

The charge of the court to the jury on the subject of willful misapplication of the moneys and funds of the bank appears to be full, clear, and correct in law.

As the counts on which both defendants were convicted do not relate to the making of false entries in the books of the bank, it will avail nothing to examine the charge of the court in this regard. We see no prejudicial error in the reception of evidence.

On the entire record, we are of the opinion defendants had a fair and impartial trial, and their guilt was fully established by the evidence. The judgment of conviction in each case must be upheld and, as modified above, is

Affirmed.