## PERLOWITZ v. UNITED STATES.

### (Circuit Court of Appeals, Eighth Circuit. May 27, 1922.)

#### No. 6012.

1. **Criminal law ⬅274—Denial of leave to withdraw plea, in order to demur to one count, not abuse of discretion.**

   Denial of leave to withdraw a plea of guilty to an indictment embracing five counts, in order to file a demurrer to one of the counts, was not an abuse of discretion, where the sentence was within the maximum that could have been imposed under the unchallenged counts.

2. **Criminal law ⬅1144(17)—Presumption that sentence based on good counts, when within the maximum that could be imposed thereunder.**

   Where a sentence was within the maximum that could have been imposed under counts not challenged, the presumption of law would be that the court awarded judgment and sentence only on such counts.

In Error to the District Court of the United States for the District of Minnesota; Page Morris, Judge.

Sam Perlowitz, alias Sam Perlow, was convicted of an offense, and he brings error. Affirmed.

E. S. Cary and F. W. Booth, both of Minneapolis, Minn., for plaintiff in error.

Alfred Jaques, U. S. Atty., of Duluth, Minn., and William Anderson, Asst. U. S. Atty., of St. Paul, Minn.

Before CARLAND and KENYON, Circuit Judges, and JOHNSON, District Judge.

KENYON, Circuit Judge. The plaintiff in error was indicted at the October term, 1920, of the United States District Court of Minnesota, for violation of what is commonly known as the Anti-Narcotic Act of December 17, 1914, as amended (Comp. St. § 6287g et seq.). The indictment contained five counts. On the 11th day of October, 1920, the plaintiff in error entered a plea of not guilty. On the 26th day of November, 1920, said plaintiff in error withdrew his plea of not guilty and entered a plea of guilty. On the 1st day of December, 1920, plaintiff in error moved the court to be permitted to withdraw his plea of guilty for the purpose of interposing a demurrer to said indictment. This motion was denied by the court on the 1st day of December, 1920,

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

and plaintiff in error was sentenced to 2½ years in the penitentiary at Leavenworth, Kan.

It is admitted by counsel for plaintiff in error that the question of permitting a withdrawal of the plea of guilty was discretionary with the court. The issue is whether or not the court abused its discretion in refusing the request to withdraw the plea of guilty and permit the filing of a demurrer. The complaint, as appears from argument of counsel for plaintiff in error, is against count I. The claim is that plaintiff in error should have been permitted to file his demurrer because count I does not state any offense against any law of the United States. The determination of the question of whether or not count I states an offense against the laws of the United States is not necessary, as we view it. Assuming, for the purpose of the case, that count I states no offense whatsoever against the United States, there are four remaining counts which are not challenged on this ground or any other. Hence, under the assumption, one count would be insufficient, but there would be four sufficient counts remaining.

[1, 2] The plea of guilty was to the indictment; that is, to all the counts. Therefore the theory of plaintiff in error that the court abused its discretion in not permitting him to withdraw a plea of guilty to the entire indictment, which embraced five counts, and file a demurrer, because one of the counts was bad, is wholly untenable. The sentence was within the maximum that could have been imposed on any of the four unchallenged counts. How, then, can plaintiff in error complain? See Melanson v. U. S., 256 Fed. 783, 168 C. C. A. 129. The presumption of law would be that the court awarded judgment and sentence only on the sufficient count or counts of the indictment. Snyder v. United States, 112 U. S. 216, 5 Sup. Ct. 118, 28 L. Ed. 697; Claasen v. United States, 142 U. S. 140, 12 Sup. Ct. 169, 35 L. Ed. 966; Goode v. United States, 159 U. S. 663, 16 Sup. Ct. 136, 40 L. Ed. 297; Roberts v. United States, 248 Fed. 873, 160 C. C. A. 631.

Under the circumstances, as disclosed by this record, plaintiff in error has no just complaint as to the action of the court. There was no abuse of discretion, and the judgment and sentence imposed by the lower court is affirmed.