## RACHEL v. UNITED STATES.
### No. 9499.

Circuit Court of Appeals, Eighth Circuit.

Oct. 5, 1932.

Sid Crumpton, of Texarkana, Tex. (J. F. Quillin, of Texarkana, Ark., on the brief), for appellant.

W. N. Ivie, U. S. Atty., of Fort Smith, Ark. (G. T. Sullins, Asst. U. S. Atty., of Fort Smith, Ark., on the brief), for the United States.

Before KENYON, GARDNER, and SANBORN, Circuit Judges.

PER CURIAM.

Appellant was found guilty in the District Court of the United States for the Western District of Arkansas of the crime of selling intoxicating liquor and maintaining a nuisance and appeals from the judgment and sentence of the court.

The indictment contained six counts, each of the first five stating a different sale, and the sixth alleging the maintenance of a nui-

sance wherein intoxicating liquor was sold. Appellant first entered a plea of guilty. Prior to sentence, he moved for permission to withdraw the plea of guilty and enter a plea of not guilty, which was denied.

The court thereupon sentenced the appellant to imprisonment in a United States penitentiary for a term of three years, and fined him $5,000. The judgment and sentence provided that the sentence imposed for the offense charged in the first, second, third, and fifth counts should be merged in the sentence on the fourth count. For the offense charged in the sixth count appellant was sentenced to imprisonment for one year in the city jail of Texarkana, Ark., and was fined $1,000, the imprisonment under this particular sentence to commence at the termination of the imprisonment under the sentence imposed under the first five counts.

Appellant says that the judgment and sentence is erroneous, because (1) this being a first offense, there was no evidence in the record authorizing the infliction of punishment other than as a casual violator of the liquor law and not as an habitual violator thereof; (2) there was no evidence submitted to the court to authorize the sentencing of appellant under the Jones Act (45 Stat. 1446, 27 U. S. C. § 91), this involving, also, an alleged denial of an opportunity to appellant to submit evidence that this was his first offense under the National Prohibition Act (27 USCA) and was not an habitual violator thereof, and was not engaged in commercializing violation thereof; and (3) because appellant was denied permission to withdraw his plea of guilty.

Appellant apparently makes the contention that he comes within the exception contained in the amendment to the Jones Act (46 Stat. 1036 [27 USCA § 91]), providing in substance that one who violates the intoxicating liquor law by a sale of not more than one gallon of intoxicating liquor, unless he has not theretofore been convicted of a violation of the law or is not engaged in habitual violation of the same, shall for each offense be subject to a fine of not to exceed $500 or to be confined in jail without hard labor, not to exceed six months or both, because in no one of the counts is alleged a sale of more than one gallon. If that is appellant's assumption, it is wrong, because the fourth count alleges the sale of 24 pints. This is more than a gallon, and would authorize the penalty imposed without more proof. This is the plain meaning of the statute. That is probably why the trial court

sentenced the appellant on the fourth count. The sentence on that count being indisputably correct, the merger therein of any penalty for violation of the other four of the first five counts was without error. Palno v. U. S. (C. C. A. 8) 58 F.(2d) 111.

But conceding the propriety of this assumption, appellant is not entitled to any benefit of the amendment, because, while there is no contention that he previously had been convicted of a violation of the intoxicating liquor law, still the record justified the court in making its finding, appearing in the judgment and sentence, that "the court finds the defendant to be engaged in habitual violation of the National Prohibition Act (27 USCA), and in commercializing violations of the same."

The court itself prepared in large part the bill of exceptions, and relative to the proceedings on the sentence of the defendant said: "Thereupon the court asked the defendant Rachel whether he had anything other or further to say why sentence should not be pronounced pursuant to his pleas of guilty. Both the defendant and his attorney answered that he had not. Thereupon the court asked the United States Attorney for a statement of the facts on the part of the government. The United States Attorney stated the facts and gave the names of the witnesses by whom the facts could be proved. Neither the defendant nor his attorney disputed any of the facts stated by the United States Attorney. I concluded that these facts showed, taken together with the pleas of guilty that the defendant had entered, that he was an habitual violator of the Prohibition law and imposed a sentence under the Jones Act, as to the first five counts of the indictment."

This record precludes appellant from attacking the judgment and sentence because no evidence was submitted as to his being more than a casual, or non-habitual offender. He cannot be allowed thus, at least impliedly, to invite error, or sit by without objection or exception to what was taking place, and urge that the court had thereby committed error. Turner v. U. S. (C. C. A. 8) 35 F.(2d) 25; Pittman v. U. S. (C. C. A. 8) 42 F.(2d) 793; Rose v. U. S. (C. C. A. 8) 45 F.(2d) 459; Murphy v. U. S. (C. C. A. 8) 39 F.(2d) 412.

All the sales are alleged in the indictment to have taken place at 620 Ash street, Texarkana, Ark., and the five sales were made to three different persons. The first sale is alleged to have been one-half gallon, made

on the 21st of April, 1931; the second, one gallon, and the third, one pint, both made on the 28th of April, 1931; the fourth, 24 pints, made on May 2, 1931; and the fifth, two pints, June 19, 1931. All the sales were whisky. The nuisance was alleged to have been maintained at the same place, on the 19th of June, 1931.

By his plea of guilty, appellant has conclusively admitted the facts as alleged in the indictment. Where an indictment charges five sales, at the same place to three different persons, within a period of two months, and the maintenance of the same place as a nuisance, wherein intoxicating liquors are sold, and when a defendant pleads guilty to such wholesale violations of the intoxicating liquor law, he cannot invoke the amendment, and claim that he has not been engaged in habitual violations. In McElvogue v. U. S. (C. C. A.) 40 F.(2d) 889, 891, in a consideration of the Jones Act (27 US CA §§ 91, 92), prior to the amendment, with reference to a somewhat similar contention of a defendant who plead guilty on one count out of a four count indictment and was sentenced thereon, the court said: "While the conviction is for one sale of a small quantity, it is rather evident that this was one sale in a more or less established business of the sort, and the defendant was probably wise in risking punishment on only one count."

Appellant clearly was not denied the right to show that he was not an habitual violator of the National Prohibition Act (27 USCA). He had the right to speak, and refused to avail himself of it.

■ The assignment that the court erred in denying the appellant's motion to be permitted to withdraw his plea of guilty and enter one of not guilty presents nothing to the court for review. Motions of such character are addressed to the sound discretion of the trial court. Perlowitz v. U. S. (C. C. A. 8) 282 F. 229; Gleckman v. U. S. (C. C. A. 8) 16 F.(2d) 670; Scheff v. U. S. (C. C. A. 8) 33 F.(2d) 263; Kercheval v. U. S., 274 U. S. 220, 47 S. Ct. 582, 71 L. Ed. 1009. As said in Gleckman v. U. S. (C. C. A.) 16 F.(2d) 670, 673: "Plaintiff in error does not contend that he had a legal right to have the conviction set aside and to change his plea of guilty to one of not guilty. He could not successfully so contend."

■ No abuse of discretion is shown in the denial of the motion. There is nothing in the record except the motion and its denial, and this is insufficient to convince an appellate court that the discretion of the court was exercised unwisely. Billingsley v. U. S. (C. C. A. 9) 249 F. 331.

Appellant mentions an incident related by the trial judge, in his narrative account of the proceedings, which is incorporated in the bill of exceptions. This occurred on the 19th day of November, in the evening. Defendant entered his plea of guilty on the 18th of November. On the evening of November 19th, the judge was in his room in a hotel in Texarkana, Tex., and there was a knock at the door. Upon opening it, a man stood there who gave his name as Quillin. The judge invited him into his room, and he stated that he had come to speak with reference to appellant; that he was a good fellow; that he helped a great many people, and he hoped the judge would be lenient with him. He stated that the appellant had said to him that if he could get anything else to do he would quit selling whisky. In his narrative, the judge continued: "After he had finished the man left. On the morning of the 20th when the case of Rachel had been called for sentence, and after I had overruled his motion for a continuance for sentence, I stated in open court the fact that a man by the name of Quillin had come to my room the night before at the hotel and requested me to deal leniently with the defandant. Mr. J. E. Quillin, the attorney for the defendant, Rachel, stated in open court that he knew nothing of the fact of this visit to me by the man who had given his name as Quillin."

It is not suggested that appellant entered the plea of guilty under ignorance of his rights, or was influenced improperly by any one, or that there was any mistake. In U. S. v. Bayaud (C. C.) 23 F. 721, 723, it is said: "As between their statement in their plea that they are guilty, and their present statement that they are not guilty, the circumstances under which the two statements were made justify the conclusion that the plea is true and their present statement untrue."

■ Appellant presented nothing to the trial court to justify it in exercising its discretion in granting the motion. The appellant, at least, it would seem, before being permitted to claim error in denial of the motion, must have made some record or claim in the court below, that the plea of guilty should not be allowed to stand against him because of some reason existing when it was entered, but for which he would not have entered the plea, and that reason must amount to a fraud or an imposition upon him, or a misapprehension of his legal right.

Appellant did not suggest to the trial court, when it narrated the occurrence at the hotel, that the judge for that reason might have formed a prejudice against him, and therefore some other judge should sentence him. While the claim would be frivolous, on its face, in the absence of any such claim made to the trial judge, appellant ought not to be permitted to make it in any other court.

The judgment and sentence must be affirmed.