### ELLERBRAKE v. KING.

#### No. 11770.

Circuit Court of Appeals, Eighth Circuit.

Dec. 12, 1940.

Rehearing Denied Jan. 13, 1941.

Armin Ellerbrake, pro se.

Richard K. Phelps, Acting U. S. Atty., and Otto Schmid, Asst. U. S. Atty., both of Kansas City, Mo., for appellee.

Before SANBORN and THOMAS, Circuit Judges, and DEWEY, District Judge.

DEWEY, District Judge.

This is an appeal from a dismissal of an application for a writ of habeas corpus.

The record shows that the applicant plead guilty in the District Court of the United States for the Southern District of Illinois to three indictments charging him with offenses connected with interstate freight thefts and he was sentenced to five-year consecutive terms on each indictment. While in the penitentiary at Atlanta, Georgia, he was found to be insane and removed to the United States Hospital for Defective Delinquents in Missouri.

The application for the writ was presented to the United States District Court for the Western District of Missouri. The court appointed Hon. William L. Vandeventer as attorney for the petitioner, and on April 9, 1940, an ex parte hearing was had before Judge Reeves—the attorney appointed for petitioner being present. Respondent's motion to deny the issuance of the writ was considered, pleadings and records were examined and it was found that there was no merit in the alleged grounds for relief stated in the petition. The issuance of the writ of habeas corpus was therefore denied and the petition was dismissed. It should be said also that the judge took medical testimony offered by the Government as to petitioner's mental condition.

The procedure of the trial court in this respect was proper and in accordance with the rule recently restated by this court in Banks v. O'Grady, 113 F.2d 926, as follows: "It is the right and duty of a federal court to make a preliminary examination to determine whether a petition for a writ of habeas corpus discloses upon its face sufficient basis for the issuance of the writ, and to dismiss the petition if it does not." Citing the following cases: Mothershead v. King, Warden, 8 Cir., 112 F.2d 1004, decided June 29, 1940; Thompson v. King, Warden, 8 Cir., 107 F.2d 307, 308; Harrison v. King, Warden, 8 Cir., 111 F.2d 420; McKee v. Johnston, Warden, 9 Cir., 109 F.2d 273; Murdock v. Pollock, 8 Cir., 229 F. 392.

The application for the writ of habeas corpus alleges the following irregularities, to wit: (1) That it was illegal to defer petitioner's sentence for a period of eight months; (2) that the trial court dated petitioner's judgment and commitment wrongly; (3) that the trial court had no right to sentence petitioner to three five-year consecutive sentences; and (4) that since the trial court failed to sentence petitioner within three terms of court, it was without jurisdiction to pass judgment and sentence upon him.

With reference to the failure to sentence promptly after a plea of guilty, he recites that "* * * being called to plead in answer to the indictment, entered a plea of guilty on June 15, 1933, before the Honorable Charles G. Briggle, in the United States District Court, Southern District of Illinois. Over the protest of petitioner, and upon motion of counsel for the Government, the court deferred sentence indefinitely. The petitioner was thereupon returned to jail without having been sentenced, but with his plea having been formally entered and accepted. The petitioner then remained in jail until February 16, 1934, a period of eight months, 1 day, at which time he was taken before the Honorable Earl Major, and sentenced. * * * During his deferred period the petitioner wrote numerous letters demanding his sentence, without results. Your petitioner therefore alleges that the Honorable Earl Major was without jurisdiction to sentence him. And for such lack of jurisdiction, the respondent is without authority to restrain petitioner; the sentence being void because the court had no jurisdiction to sentence the petitioner because of the lapse of time between entry of plea and date of sentence."

It is hornbook law that a petition for a writ of habeas corpus cannot be considered as a writ of error or appeal or as a means of reviewing errors of law and irregularities—not invoking the question of jurisdiction—occurring during the course of the trial. Johnson v. Zerbst, 304 U.S. 458, 465, 58 S.Ct. 1019, 82 L.Ed. 1461. And where the jurisdiction has attached, the action of the court is conclusive as to the rights of the parties when collaterally questioned. Windsor v. McVeigh, 93 U.S. 274, 284, 23 L.Ed. 914.

Whether the commitment should be dated from the time of the plea or from the time of sentence and commitment has to do with the right of the court to defer petitioner's sentence after plea.

█ Petitioner's name was spelled the same in the indictment as in the commitment and the fact, if it be a fact, that one letter in the first name of petitioner was transposed can not be attacked collaterally, is not a jurisdictional question and is not ground for the issuance of the writ of habeas corpus.

It is unnecessary to go into the question of whether consecutive sentences could have been pronounced on counts that comprise the same offense as other counts; as each indictment recites several distinct offenses and each indictment is based upon separate and distinct crimes.

█ Sentences for separate crimes may be consecutive. Asgill v. United States, 4 Cir., 60 F.2d 780, 782; Brown v. Johnston, 9 Cir., 91 F.2d 370.

█ Neither is there any merit in the contention that Congress by the enactment of Title 18, U.S.C.A., Section 709a et seq., abolished the long sanctioned practice of imposing consecutive sentences or sentences to begin in the future. Brown v. Johnston, 9 Cir., 91 F.2d 370, 372.

The only statement in the petition or in argument worthy of being answered is that after plea there was an interval of eight months before sentence.

The first indictment named ten defendants and charges possession of stolen property from ten shipments and from seven different railway cars, and a charge of conspiracy. The second indictment names two defendants and charges breaking seals, entering with intent to steal and stealing from three different railway cars. And the third indictment names three defendants and charges breaking seals, entering with intent to steal and stealing from five different railway cars. The first indictment is in eleven counts; the second nine; and the third fifteen.

The maximum penalty for each of the offenses charged in each of the indictments was a maximum of five years, except the conspiracy charge of two years. It may be that some of the counts charged the same offense as other counts for which a penalty could not run consecutively; but the first indictment charges seven different offenses, the second indictment charges three different offenses and the third indictment charges five different offenses, upon which the judge could have entered a sentence of five years on each to run consecutively. The judge had a great responsibility and the situation suggested investigation to determine the ringleaders of so large a group of offenders.

█ The Rules of Practice and Procedure in Criminal Cases, 28 U.S.C.A. following section 723a, were promulgated by the Supreme Court of the United States on May 7, 1934, which was after the sentence in this case and therefore would not apply. While those rules do require that sentence shall be imposed without delay after plea, an exception is noted where there should be an investigation in the interest of justice before sentence is imposed. Even under these rules therefore the judge has a discretion as to the postponement of sentence for investigation as in this case.

█ Probably information had reached the defendant of a rule of law that a judge after plea was without jurisdiction to continue sentence on a plea indefinitely and beyond the term at which the plea was received, as prior to the case of Miller v. Aderhold, 288 U.S. 206, 53 S.Ct. 325, 77 L. Ed. 702, decided Feb. 6, 1933, and as stated in that opinion, the greater number of authorities so held. However, the Supreme Court of the United States in that case put all such questions at rest and definitely determined that a court may suspend sentence indefinitely and later and at another term of court pronounce sentence without losing jurisdiction.

We have carefully examined the many questions raised in argument but find them without merit. Cases cited by the petitioner are not in point. Dismissal of the application for a writ of habeas corpus by the trial court was proper and is affirmed.

Affirmed.