## WILSON v. UNITED STATES.

### No. 13604.

Circuit Court of Appeals, Eighth Circuit.
March 5, 1948.

William E. Gallagher, of St. Louis, Mo., for appellant.

Sam M. Wear, U. S. Atty., of Springfield, Mo., and Thomas A. Costolow, Asst. U. S. Atty., of Kansas City, Mo., for appellee.

Before GARDNER, THOMAS, and COLLET, Circuit Judges.

THOMAS, Circuit Judge.

On January 4, 1946, the appellant was convicted on his plea of guilty under an indictment then pending in the district court for the western district of Missouri, charging violation of 18 U.S.C.A. § 78. He was sentenced to serve a term of ten years' imprisonment; and he is now confined in the United States Penitentiary at Leavenworth, Kansas.

The case is before this court on an appeal taken from an order entered June 27, 1947, overruling appellant's Motion to Vacate Sentence and Correct Judgment.

Appellant is represented by counsel appointed by this court; and in connection with the appeal a complete transcript of the record of the proceedings in the district court has been certified and filed. Counsel has also filed a comprehensive brief in behalf of appellant.

The record brought to this court at the instance of appellant discloses that since his imprisonment in January, 1946, he has filed three different, but substantially identical, motions in the district court to vacate the sentence and correct the judgment. The first motion was filed August 13, 1946. A full hearing was had on the motion at which appellant was represented by counsel appointed by the district court. An order overruling the motion was entered on October 11, 1946, and in connection with its order the court filed an opinion stating at length the reasons upon which the ruling was based.

The second motion was filed on April 13, 1947, and was overruled on April 19, 1947, by an order reading:

"Now on this day, the motion of defendant Jesse Wilson to set aside and vacate judgment and sentence and for other relief, is by the court overruled.

"See Memorandum Opinion, filed October 11, 1946, ruling an identical motion, previously filed by defendant."

No appeal was taken from either of the orders denying the first two motions.

The third motion from the denial of which this appeal has been taken was filed June 17, 1947. The order overruling that motion reads:

"Defendant's instant motion is overruled for the reasons stated in the memorandum opinion filed October 11, 1946, ruling an identical motion previously filed by defendant."

Although counsel for appellee has not suggested by motion or otherwise, either in the trial court or in this court, that the appeal is barred, we are of the opinion that it is barred by the doctrine of res judicata, and that we should so hold.

The record discloses two prior orders overruling identical motions from which no appeal was taken. They were both final and appealable orders. The district court is a court of record having general jurisdiction over criminal cases arising under the criminal laws of the United States. An offense denounced by the Criminal Code and cognizable in the district courts of the United States is cognizable in that court. "The judgment of such a tribunal has all the obligation which the

judgment of any tribunal can have." Ex parte Watkins, 28 U.S. 193, 202, 7 L.Ed. 650.

■ The general rule is that whenever the existence, character, and legal effect of a judgment or final appealable order are properly shown in the record, especially when such record is brought before the court by appellant, the correctness of the judgment or such final appealable order will be presumed; and "It will be presumed * * * that every issue of law involved in it had been tried and decided." 50 C.J.S., Judgments, § 837.

■ The doctrine of res judicata is put on two grounds: "* * * the one, public policy and necessity, which makes it to the interest of the state that there should be an end to litigation * * *; the other, the hardship on the individual that he should be vexed twice for the same cause * * *." 50 C.J.S., Judgments, § 592. When the doctrine is invoked on the second ground as an estoppel the party claiming the bar must plead and prove all the essential elements necessary to constitute a bar. But when the record is brought into this court by the appellant no proof is necessary. 50 C.J.S., Judgments, § 837.

■ In Hart Steel Co. v. Railroad Supply Co., 244 U.S. 294, 299, 37 S.Ct. 506, 61 L.Ed. 1148, the Supreme Court said: "This doctrine of res judicata is not a mere matter of practice or procedure inherited from a more technical time than ours. It is a rule of fundamental and substantial justice." And in City of Boston v. McGovern, 1 Cir., 292 F. 705, 711, the court said: "The doctrine of res judicata * * * is one of the most fundamental doctrines of all courts, that there must be an end of litigation, and that the parties have no right of their own accord, after having tried a question between them and obtained a decision of a court, to start that litigation over again on precisely the same questions."

■ "The principle is as applicable to the decisions of criminal courts as to those of civil jurisdiction." Frank v. Mangum, 237 U.S. 309, 334, 35 S.Ct. 582, 590, 59 L.Ed. 969; 50 C.J.S., Judgments, § 754a. In United States v. Oppenheimer, 242 U.S. 85, 88, 37 S.Ct. 68, 69, 61 L.Ed. 161, 3 L.R.A. 516, Mr. Justice Holmes quoted with approval from Hawkins, J., in The Queen v. Miles, Q.B.D. 423, 431, "Where a criminal charge has been adjudicated upon by a court having jurisdiction to hear and determine it, the adjudication, whether it takes the form of an acquittal or conviction, is final as to the matter so adjudicated upon, and may be pleaded in bar to any subsequent prosecution for the same offense. * * * In this respect the criminal law is in unison with that which prevails in civil proceedings."

Finally, the question whether a federal appellate court will hear a party who has thus voluntarily submitted the same issue to a district court and had a decision thereon without appeal involves not only the rights of the party, but the right of the appellate court to protect itself from litigation by a party who has already had his right finally determined in the district court. The question involves also the decent respect of the appellate court for the considered judgments of the district court arrived at after a fair hearing and upon due consideration. For an analogous case, see City of Boston v. McGovern, 1 Cir., 292 F. 705. Under the circumstances it is the duty of the appellate court to affirm the district court irrespective of technical pleading.

■ It should be observed, also, that an appellate court will, if possible, so interpret the findings of the trial court and will indulge such presumptions as will make them support the decision appealed from. Vette v. Hackman, 292 Mo. 138, 237 S.W. 802; 5 C.J.S., Appeal and Error, § 1564.

■ We are aware that an appellate court should hesitate in the exercise of its discretionary powers to apply the principles stated above in a criminal case wherein it appeared that some grave injustice had been done. But in this case we base our decision upon those principles, because, having examined the record and the arguments of counsel with care, we think the contentions of the appellant are wholly without merit.

Affirmed.