**STIDHAM v. UNITED STATES.**

No. 13765.

United States Court of Appeals
Eighth Circuit.

Nov. 2, 1948.

James William Stidham, pro se.

Sam M. Wear, U. S. Atty. and David A. Thompson, Asst. U. S. Atty., both of Kansas City, Mo., for appellee.

Before THOMAS and JOHNSEN, Circuit Judges.

PER CURIAM.

This is an appeal in forma pauperis from an order denying a motion to vacate a judgment sentencing James William Stidham to a term of five years imprisonment upon his plea of guilty to an indictment pending against him in the Western District of Missouri, and to grant him leave to withdraw his plea of guilty thereto.

The indictment in the case was returned May 21, 1947. It charged that on or about May 10, 1947, James William Stidham transported a stolen motor vehicle, to-wit, a 1946 Cadillac sedan, from Birmingham, Alabama, to Kansas City, Missouri, and that he then knew the motor vehicle to have been stolen, in violation of the National Motor Vehicle Theft Act (The Dyer Act), 18 U.S.C.A. § 408.[1]

The case came on for hearing before Judge John C. Collet, then district judge, on July 1, 1947, when the following proceedings were had:

"The Court: The case of the United States v. Stidham, is that for disposition this morning? Mr. Thompson: Yes.

"Do you have an attorney? The Defendant: No, sir.

"Mr. Thompson: Do you want the Court to appoint you one? The Defendant: Well, I would like to hear the warrant, if I may.

"The Court: What did he say? Mr. Thompson: He said he wanted to hear the warrant. I will read the indictment:

"The Grand Jury charges that on or about the 10th day of May, 1947, James William Stidham transported a stolen motor vehicle, to wit, a 1946 Cadillac sedan, Motor No. 640453, from Birmingham, State of Alabama, to Kansas City, Missouri, in the Western District of Missouri, and he well knew that said car had been stolen."

The Defendant: I don't want an attorney from the Court.

"The Court: You do not want one? The Defendant: No, sir.

"The Court: You understand fully what the charge is? The Defendant: Yes, sir.

"The Court: Do you know what the punishment provided by the statute could be? The Defendant: No, sir.

"The Court: How many counts are there? Mr. Thompson: One.

"The Court: One count, it could be five years in the penitentiary, or anything less than that. That is the maximum punishment. The Defendant: Your Honor, I just came out of the penitentiary and I had only been out for forty days when I stole this automobile, and I went in when I was a real young guy, and I went to Birmingham and stayed down there for all the time and tried to get a job and it was impossible to get a job down there. I registered at all the employment offices and tried every place to get a job.

"Well, I was drunk when this car—and didn't know I was stealing, and tried to get a car and leave the car some place, and I came up here and I was going to send it back.

"I would like to have the mercy of the Court. To go back to the penitentiary for a long time, I don't think it would do any good.

"I have never had any trouble before. The only trouble I have been having a spree. I never had a break. My people are poor and I am poor. And they told me if I would come up here I could get a job and make a living, and that is what I want to do.

"The Court: The reason for my statement was that in order to be sure that you understood the nature of the charge, the extent of possible punishment, as a preliminary to asking you whether or not you are ready to and have made up your mind as to what plea you want to enter to this charge, whether you want to plead guilty or not guilty. Have you made up your mind? The Defendant: Yes, sir.

"The Court: What plea do you want to enter, a plea of guilty or not guilty? The Defendant: I will enter a plea of guilty."

Statements were then made by the assistant district attorney, David A. Thompson,

[1] In 1948 Revision, 18 U.S.C.A. §§ 2311–2313.

and the district attorney, Sam M. Wear, with further statements and explanations by the defendant. Mr. Thompson read a written statement signed by the defendant, which recited the details of the stealing of the automobile and driving it from Birmingham to Kansas City. Then followed:

"The Court: You will be sentenced to imprisonment in an institution to be designated by the Attorney General for a period of four years. The Defendant: May I say something else, your Honor?

"The Court: Yes. The Defendant: I would like to withdraw my plea of guilty on the car. It says that the car was stolen in Birmingham and the car was stolen in New Orleans. I would like to withdraw my plea of guilty and enter a plea of not guilty. I would like to stand a jury trial. The warrant says the car was stolen in Birmingham and the car was stolen in New Orleans.

"The Court: The request to withdraw the plea of guilty is denied under the circumstances. It is obvious that you make it only after the sentence has been pronounced. The Defendant: Well, I will appreciate it if you will give me time to file a writ of habeas corpus, because I don't see where—I asked mercy from the Court and I don't see where I got much.

"The Court: All right, you may have time to file your application for a writ of habeas corpus. The Defendant: Will the Court appoint an attorney to help me out on that?

"The Court: Do you have any money? The Defendant: No, sir.

"The Court: Do you have any means at all? The Defendant: No, sir.

"The Court: Upon what ground do you want to file an application for a habeas corpus? The Defendant: Your Honor, it says there the car was stolen in Birmingham and the car was stolen in New Orleans, and the car was a '47 Cadillac and I am charged wtih stealing a '46 Cadillac.

"The Court: Was the car stolen? The Defendant: Yes, sir.

"The Court: Was it transported to Kansas City, Missouri? The Defendant: Yes.

"The Court: All right, you have no grounds for habeas corpus. The Defendant: But I should file a motion—

"The Court (Interrupting): I shall not appoint a lawyer for you to help you to search for some imaginary reason to file a habeas corpus.

"Let the record show the sentence heretofore imposed is set aside and that this defendant is sentenced to an institution to be designated by the Attorney General for a period of five years from today."

On April 21, 1948, the defendant filed his verified motion from the denial of which this appeal was taken. The motion captioned "(Motion for Relief From Judgment)", recites that "Pursuant to the provisions of Rule 32(d) of the New Federal Rules of Criminal Procedure [18 U.S.C.A.] * * * the defendant * * * moves the * * * Court to vacate the judgment and sentence imposed on the indictment herein and to grant the defendant * * * leave to withdraw the plea of guilty heretofore entered to said indictment * * *"

As grounds for the motion the defendant alleged that he did not commit the offense charged; that he was denied the right to have the aid and advice of counsel and the right to withdraw the plea of guilty in violation of the Fifth and Sixth Amendments to the Constitution; that his plea of guilty was coerced through the deceit and trickery of counsel for the United States prior to the plea of guilty; that he had prepared a notice of appeal and mailed the same to the United States Attorney who withheld the same from the court; that his plea of guilty and failure to appeal were thus due to excusable neglect; and that as a result he has been deprived of his liberty without due process of law.

Affidavits in opposition to the motion denying the charges of deceit and trickery were filed by the United States Marshal, by a deputy United States Marshal, and by the Assistant United States Attorney who had charge of the prosecution.

The motion was submitted to Judge R. M. Duncan on April 30, 1948, and after due consideration was denied. Judge Duncan in a lengthy opinion reviewed the record,

the defendant's written confession and the affidavits and found that defendant's statements in his motion were not founded upon facts; that all persons in the district attorney's office who had any connection with the case had filed affidavits which set forth that they made no such representations to the defendant as he charged in his motion.

The appeal has been submitted on elaborate briefs. In substance the defendant contends here, as he did in the district court, that Judge Duncan erred in overruling his motion, first, because the judgment sentencing him is void in that upon arraignment he was denied his constitutional rights in two respects: (a) he was denied the aid and advice of counsel; and (b) his plea of guilty was induced by the deceit and trickery of the assistant district attorney; and, second, because Judge Collet abused his discretion in refusing to permit him to withdraw his plea of guilty.

As to his right to the aid and advice of counsel, Rule 44 of the Rules of Criminal Procedure provides "If the defendant appears in court without counsel, the court shall advise him of his right to counsel and assign counsel to represent him at every stage of the proceeding unless he elects to proceed without counsel or he is able to obtain counsel." The extent of the right to counsel has been recently defined by the Supreme Court in Von Moltke v. Gillies, etc., 332 U.S. 708, 68 S.Ct. 316, and cases cited therein.

■ The defendant makes no claim that he was not advised of his rights by the court at the time of his arraignment or that he did not in the first instance "elect to proceed without counsel." The claim is that after the court had pronounced sentence he was denied the assistance of counsel to aid him in preparing a petition for a writ of habeas corpus. The record shows that this request was denied. In this connection it should be borne in mind that an application for writ of habeas corpus is not a criminal proceeding but a civil one, and the court was not required by the Constitution or by statute to furnish the defendant counsel to prepare a petition for the writ. White v. Pescor, 8 Cir., 155 F.2d 902; Ex parte Tom Tong, 108 U.S. 556, 2

S.Ct. 871, 27 L.Ed. 826; Price v. Johnston, 9 Cir., 159 F.2d 234, 236; Dorsey v. Gill, 80 U.S.App.D.C. 9, 148 F.2d 857, 877.

■ It must be observed here, also, that this proceeding on defendant's motion is not a criminal proceeding but a civil one; that it calls for only "a thorough judicial investigation to ascertain whether there [has] been a denial of constitutional right", Murrey v. United States, 8 Cir., 138 F.2d 94, 96, and the burden is on the defendant to sustain the allegations of his motion.

■ The contention that he was tricked into pleading guilty is without merit. The evidence and the record before Judge Duncan abundantly support his findings that the allegations of the motion as to defendant's guilt and as to the alleged trickery and deceit of the Assistant United States Attorney are unfounded in fact.

■ The second contention of the defendant is that Judge Collet abused his discretion by refusing to permit him to withdraw his plea of guilty after sentence was pronounced. This is based on the assertion that the judge had no right to set aside the four-year sentence which he first pronounced and to impose a five-year sentence. This was done while the defendant was still at the bar and before the sentence was recorded. A similar situation was presented to this court in the case of Nichols v. United States, 8 Cir., 106 F. 672, 678, and there the court said: "The first sentence was not recorded. The defendant had not yet left the bar, and had not satisfied or suffered any part of the punishment thereunder, when it was set aside and the second sentence imposed. Under these conditions, it was competent for the court to reconsider its sentence and impose a different one." See, also, Oxman v. United States, 8 Cir., 148 F.2d 750, 159 A.L.R. 155, certiorari denied, 325 U.S. 887, 65 S.Ct. 1569, 89 L.Ed. 2001, rehearing denied 326 U.S. 804, 66 S.Ct. 14, 90 L.Ed. 490, second petition for rehearing denied, 326 U.S. 807, 66 S.Ct. 133, 90 L.Ed. 492.

■ Further, the granting or the denial of leave to withdraw a plea of guilty is a matter of discretion of the trial court and not a matter of right, and upon review

298

of such denial the only question for the appellate court is whether that discretion was abused. A mere showing of the denial of the motion is not sufficient to show abuse. Bergen v. United States, 8 Cir., 145 F.2d 181, 186. A defendant's contention that he did not know that he would be subjected to a severe sentence when he entered his plea of "guilty" is not sufficient grounds for reversing the trial court's refusal to permit withdrawal of the plea. United States v. Colonna, 3 Cir., 142 F.2d 210. It was incumbent upon the defendant to state to the court at the time leave to withdraw the plea was made some reason why the judgment should not stand against him, and "that reason must amount to a fraud or an imposition upon him, or a misapprehension of his legal right." Rachel v. United States, 8 Cir., 61 F.2d 360, 362. The record shows that the only reason assigned was that he was not guilty of the offense charged because he stole the automobile in New Orleans and not in Birmingham. The indictment does not say where the car was stolen. He was not charged with theft of the car but with transporting the car from Birmingham to Kansas City in violation of the Dyer Act. He admitted over and over both that he stole the car and that he transported it as charged. There is no merit in this contention.

Other contentions argued by defendant are trivial and without merit. The findings and decision of Judge Duncan are abundantly supported by the record. The order appealed from is accordingly

Affirmed.