**HOWARD v. UNITED STATES**
(two cases).

Nos. 14589, 14590.

United States Court of Appeals
Eighth Circuit.

Oct. 29, 1952.

Theodore McMillian, St. Louis, Mo., for appellants.

William J. Costello, Asst. U. S. Atty., St. Louis, Mo., (George L. Robertson, U. S. Atty., St. Louis, Mo., on the brief), for appellee.

Before SANBORN, RIDDICK and COLLET, Circuit Judges.

SANBORN, Circuit Judge.

These are appeals in forma pauperis from orders entered January 11, 1952, denying separate motions of the defendants (appellants) under § 2255, Title 28 U.S.C.A., for the vacation of a sentence of ten years' imprisonment pronounced against each of them on July 17, 1951. Each of the sentences was based upon a plea of guilty entered by each defendant to an indictment which in six counts charged him with six separate offenses relating to the possession and sale of narcotics. Three of the offenses charged were violations of § 3224, Title 26 U.S.C.A., and the other three were violations of § 2554, Title 26 U.S.C.A.

The record on appeal shows that the defendants were arraigned on July 17, 1951. They were then represented by counsel of

their own choice, Mr. Frank W. Clegg, who waived formal arraignment and entered pleas of guilty on their behalf. The District Court, before sentence was imposed, inquired as to where the defendants worked and asked counsel for the Government whether either of the men had revealed the source of their supplies, and was told that they had given some information to the Narcotics Bureau, that a supplier in Chicago had been arrested, and that other information given by them was too vague to be of value. The defendants denied that they were addicts. The court was told by Mr. Clegg that the defendants were willing to cooperate with the Government. He said: "If the Court please, the case of these men I think not very much can be said. The Court has indicated many times its opinion as to sellers and users, he has no sympathy for a peddler. * * * I feel that the guilt of these men here is well established. If your Honor feels inclined to strike some of the counts in each case, they would greatly appreciate that." Mr. Clegg advised the court that Clarence Howard was twenty-three years of age and unmarried, and that Robert was twenty-six years of age, married, and had one child. The court was informed that each defendant had a previous criminal record.

After they were sentenced, the defendants employed other counsel, and on July 27, 1951, filed separate motions entitled, "Defendant's Motion for New Trial and Re-Hearing." Therein each of them challenged the sufficiency of the indictment to which a plea of guilty had been entered, asserted his innocence of the charges against him, and stated in effect that he had before his plea of guilty was entered advised his counsel that he was not present at the scene of the commission of the offenses charged in the indictment. Each also asserted that his conviction was due to hysteria caused by public clamor; that he thought that if he pled guilty he would be either discharged or placed on probation; that before the United States Commissioner he had been charged only with one offense and was not informed of the other counts at that time; and that, in the interests of justice, a rehearing should be had and the defendant afforded an opportunity to make his defense. These motions were, in effect, motions to vacate the sentences imposed upon the defendants, to permit them to change their pleas and to stand trial.

The District Court held a hearing on the defendants' motions. The defendants were not present, but were represented by their then counsel, Mr. Shepard R. Evans. His argument to the court was, in effect, that the defendants claimed to be innocent, and that their pleas of guilty were perhaps induced by their hopes, or the hope of their counsel, that they would be put on probation, and that they were carried away by the proceedings and the appearance of the court. Mr. Evans also suggested that possibly the defense of entrapment would be available to the defendants if they were granted a trial.

Mr. Clegg, who was present at the hearing on the defendants' motions, said to the court:

"Mr. Clegg: Your Honor, I represented these boys before the Court and I questioned these boys on each count. They admitted to me that they were guilty.

"The Court: Speak so the reporter can hear.

"Mr. Evans: I wish you would make it a little louder, so I can hear.

"Mr. Clegg: Yes. They admitted to me that they were guilty and upon these admissions I entered their plea of guilty. I informed those boys, 'If you are not guilty, do not let me enter the plea of guilty, because the Court don't want to accept a plea of guilty from anyone who is not guilty.'

"The Court: Did you explain what they were charged with?

"Mr. Clegg: Each count, yes, sir, one by one, to each of the three boys. They were informed by me that they would get some time, 'just how much I don't know', and I asked your Honor when this occurred here on plea of

guilty if you would not let—and you spoke to them here and they admitted to you they were guilty."

The court overruled the motions of the defendants. No appeal was taken from the orders entered.

Thereafter in December, 1951, the defendants each filed a motion to vacate his sentence, under § 2255, Title 28 U.S.C.A. Various assertions of denial of constitutional rights were made. It is not necessary to state them in full. They included the same grounds upon which the defendants' former motions were based, namely, that the defendants were not fully informed of the charges contained in the indictments, that they had not authorized the entry of pleas of guilty, that the pleas were not voluntarily entered by them, and that they were inadequately represented by their counsel.

The District Court appointed counsel to represent the defendants in the presentation of their motions, and held a hearing, at which the defendants were not present but were represented. The court asked their counsel what grounds were being argued. Counsel stated that there were several grounds: (1) that the pleas of guilty were not voluntary, and (2) that the defendants were not properly advised by their counsel. Counsel also stated that the allegations as to the pleas being involuntary would probably create a factual issue.

The response of the Government to the defendants' motions was that the same questions were being raised by them which had already been determined by the court in ruling upon the defendants' previous motions. The court entered orders denying their motions, but did not file findings of fact or conclusions of law. It granted leave to the defendants to appeal in forma pauperis and appointed the same counsel to represent them who had presented their motions to vacate sentence.

The defendants contend that the court erred in overruling their motions to vacate their sentences without granting them a hearing and making findings of fact and conclusions of law on the issues of fact sought to be raised.

Section 2255, Title 28 U.S.C.A., in part, provides:

"Unless the motion [to vacate sentence] and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."

The section also provides:

"The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner."

The Government contends that the District Court was justified in refusing to do more than it did in ruling upon the motions of the defendants, in view of its prior rulings upon the same questions presented in their previous motions, and was not required to make findings of fact and conclusions of law, since its own files and records conclusively showed that the defendants were entitled to no relief.

■ It is apparent that the District Court concluded that it had already considered and determined all of the pertinent issues tendered by the defendants' motions to vacate, and that the court's files and records of the case disclosed conclusively that the defendants were entitled to no relief. We think the District Court was justified in reaching that conclusion. See and compare, United States v. Sturm, 7 Cir., 180 F.2d 413, 416; Ray v. United States, 8 Cir., 197 F.2d 268, 270, 271; Morales v. United States, 1 Cir., 187 F.2d 518, 519; Birtch v. United States, 4 Cir., 173 F.2d 316.

■ We find no adequate basis in the record on appeal for disturbing the orders appealed from. The proceedings resulting in the sentences imposed upon the defendants were entirely regular. We are convinced that the sentences were not subject to the collateral attack made upon them.

The orders appealed from are affirmed.