Robert Edward **LIPSCOMB**, Appellant,

v.

**UNITED STATES of America,**
Appellee (two cases).

Nos. 15322, 15427.

United States Court of Appeals
Eighth Circuit.

Nov. 8, 1955.

Robert Edward Lipscomb, pro se.

Harry Richards, U. S. Atty., and Robert C. Tucker, Asst. U. S. Atty., St. Louis, Mo., on brief, for appellee.

Before GARDNER, Chief Judge, and COLLET and VAN OOSTERHOUT, Circuit Judges.

GARDNER, Chief Judge.

These appeals are from certain orders of the trial court entered subsequent to a judgment and sentence entered on a plea of guilty and subsequent to an appeal prosecuted by appellant from an order denying his motion to vacate and set aside the judgment and sentence of conviction upon the ground that he was of unsound mind because of an active drug addiction and that he was mentally incompetent to waive counsel and enter a plea of guilty. We shall refer to appellant as defendant. The prior order appealed from was affirmed by this court in Lipscomb v. United States, 8 Cir., 209 F.2d 831.

In appeal No. 15,322 two orders are challenged. The first order denied defendant's motion to withdraw his plea of guilty and the second order denied his motion to reconsider the first order. His plea of guilty was entered April 6, 1951, while the motion to withdraw the plea was not filed until November 12, 1954.

The motions involved in this appeal were presented separately and the order denying the motion to withdraw the plea of guilty, among other things, recites that:

"Under date of November 12, 1954, defendant filed motion to appoint counsel in forma pauperis, motion to withdraw guilty pleas, and motion for subpoena by indigent petitioner. On November 19, 1954, defendant filed petition for writ of habeas corpus ad testificandum. The record in this case has been examined. The defendant has heretofore filed similar motion or petitions on June 16, 1952, April 13, 1953, June 19, 1953, August 28, 1953 and September 10, 1954. Each of the motions and petitions has been previously denied by this Court. Defendant has previously appealed from an order denying defendant's motion of June 16, 1952, which order was affirmed by the United States Court of Appeals for the Eighth Circuit in an opinion dated February 3, 1954.

"From an examination of the present pending motions and from an examination of the files and records in the case, which show conclusively that the defendant is entitled to no relief, we find defendant is entitled to no relief under the present motions, and that the same are without merit."

The second order appealed from, among other things, recites that:

"Under date of January 17, 1955, defendant filed motion to reconsider order of the Court dated December 23, 1954. Defendant has in the past filed numerous similar motions or petitions. Each of the motions and petitions have been previously denied by this Court.

"From an examination of the present pending motion and from an examination of the files and records in the case, which show conclusively that the defendant is entitled to no relief, we find that defendant is entitled to no relief under the present motion and that the same is without merit."

By appeal No. 15,427 defendant charges that the court erred in overruling two motions interposed by him. The first of these motions was to discharge him on the ground that the judgment did not pronounce effective consecutive terms or in the alternative to vacate judgment and sentence, and the second motion was to correct the judgment on the ground that there is no prima facie law authorizing consecutive sentences.

These motions were apparently considered together and the order denying them contains the following recitals, among others:

"Under date of March 8, 1955 defendant filed motion for an order discharging him from unlawful restraint of liberty or in the alternative for an order vacating the judgment and sentence. On April 18, 1955 defendant filed a document docketed as 'Supplement to Motion for Order Dated 3–4–55.' On May 20, 1955 defendant filed motion to correct judgment. The record in this case has been examined. The defendant has heretofore filed numerous similar motions or petitions. Each of the motions and petitions has been previously denied by this Court. Defendant has previously appealed from an order denying defendant's motion of June 16, 1952, which order was affirmed by the United States Court of Appeals for the Eighth Circuit in an opinion dated February 3, 1954. Defendant is presently appealing from an order of the District Court denying defendant's motion of November 12, 1954 and from an order of the District Court denying defendant's motion of January 17, 1955. This appeal is presently before the United States Court of Appeals for the Eighth Circuit.

"From an examination of the present pending motions and from an examination of the files and rec-

ords in the case, which show conclusively that the defendant is entitled to no relief under the present motions, and that the same are without merit.

"It Is Therefore Ordered that the said motions be and the same are hereby overruled."

In this court the two appeals have been consolidated and submitted on briefs. A cursory examination of the background of the proceedings had and taken in this case at and prior to the submission of the four motions here involved may assist to a better understanding of the questions presented to the trial court in the motions here under consideration. Defendant had pleaded guilty to an information containing five counts and on this plea of guilty was sentenced to imprisonment for a period of five years on each count, the sentences to run consecutively. No appeal was taken from the judgment but on June 16, 1952 he filed a motion to vacate the judgment as provided by Title 28 U.S.C. § 2255. This motion was based on the allegation that he was mentally incompetent to waive his right to counsel and to enter a plea of guilty. The trial court granted him a hearing at which he personally appeared and testified in his own behalf. The motion was overruled and on appeal this action of the trial court was affirmed. Lipscomb v. United States, supra. Thereafter successive proceedings were taken by the defendant as recited by the court in the orders here under consideration.

■ It is, among other things, urged that defendant had not waived his right to trial by jury in the manner provided by Rule 23(a), Federal Rules of Criminal Procedure, 18 U.S.C. Having intelligently entered a plea of guilty there remained no issue of fact to be tried by a jury. As said by us in Lipscomb v. United States, supra [209 F.2d 834]:

"His plea of guilty to all the counts of the information was an admission of his guilt, a waiver of all nonjurisdictional defects and de-

fenses and an admission of all the facts averred in the information."

See Hood v. United States, 8 Cir., 152 F.2d 431. There remained no function to be performed by a jury.

■ In his motion filed November 12, 1954, some three and one-half years after the entry of judgment, he asks leave to withdraw his plea of guilty. Just what purpose this could serve is not clear as the judgment had become final and his plea had been adjudged to have been intelligently entered. The motion came too late. Hood v. United States, supra. In any event the granting of such a motion is at best addressed to the discretion of the court. Rachel v. United States, 8 Cir., 61 F.2d 360; Stidham v. United States, 8 Cir., 170 F.2d 294. In Rachel v. United States, supra, we said [61 F.2d 362]:

"The assignment that the court erred in denying the appellant's motion to be permitted to withdraw his plea of guilty and enter one of not guilty presents nothing to the court for review. Motions of such character are addressed to the sound discretion of the trial court. Perlowitz v. United States, 8 Cir., 282 F. 229; Gleckman v. United States, 8 Cir., 16 F.2d 670; Scheff v. United States, 8 Cir., 33 F.2d 263; Kercheval v. United States, 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed. 1009."

Again in Stidham v. United States, supra, we said [170 F.2d 297]:

" * * * the granting or the denial of leave to withdraw a plea of guilty is a matter of discretion of the trial court and not a matter of right, and upon review of such denial the only question for the appellate court is whether that discretion was abused."

■ In the above quoted cases the motions to withdraw were made prior to sentence while in the present case the motion was not made until some three and one-half years after sentence and after various motions seeking to vacate or modify the judgment had been denied.

Certainly under such circumstances it could not well be claimed that the court abused its discretion. Following the denial of his motion to withdraw his plea of guilty defendant interposed a motion to reconsider the order denying his motion. As we are of the view that the court correctly denied the motion to withdraw his plea of guilty it would seem to be a matter of supererogation to consider this contention.

■■ In his first motion involved in appeal No. 15,427 defendant in effect charged that the court erred in its judgment sentencing him separately on each count and then providing that the sentences run consecutively. This question, we think, could only properly be presented on appeal from the judgment but in any event we think it entirely without merit. Terrell v. Biddle, 8 Cir., 139 F.2d 32; Ellerbrake v. King, 8 Cir., 116 F.2d 168. In Terrell v. Biddle, supra, considering a like contention we said [139 F.2d 33]:

> "The suggestion that separate sentences for separate offenses charged in an indictment may not be imposed and made to run consecutively is obviously without merit."

In Ellerbrake v. King, supra, we said [116 F.2d 170]:

> "Sentences for separate crimes may be consecutive."

In the alternative defendant moved to vacate the judgment and sentence on the ground that the judgment and sentence are void because the waiver of indictment was entered under duress, coercion and fear. His principal argument in support of his contention that the court erred in denying his alternative motion is to the effect that he was entitled to be present at the hearing of his motion and to introduce evidence in support of his allegation.

■■ A motion to vacate a judgment in a criminal case as provided by Title 28 U.S.C. § 2255, is a collateral attack on the judgment and can be maintained only upon grounds which would warrant the granting of a writ of habeas corpus.

Taylor v. United States, 4 Cir., 177 F.2d 194; Birtch v. United States, 4 Cir., 173 F.2d 316. Such a motion must challenge the jurisdiction of the court or must charge that the defendant has been deprived of due process of law or of other rights guaranteed him by the Constitution of the United States. It appears from the recitals of the order from which this appeal was taken that the court examined the files and records in the case and found the defendant entitled to no relief. In other words, based on the files and records the court concluded as a matter of law that defendant was entitled to no relief. If the court correctly so decided then there was no necessity that the defendant be present nor that he be given an opportunity to introduce testimony. Title 28 U.S.C. § 2255 in part specifically provides:

> "A court may entertain and determine such motion without requiring the production of the prisoner at the hearing."

■ An examination of the files and records discloses various proceedings taken by the defendant seeking relief from the judgment. Among these proceedings was a prior motion made by him to vacate the judgment under the provisions of Title 28 U.S.C. § 2255. At the hearing on that motion he was personally present, was represented by counsel and introduced testimony. In that proceeding an appeal was taken to this court where the order appealed from was affirmed. Lipscomb v. United States, supra. The same relief was sought in that motion as in the motion here under consideration and the contentions now presented could have been urged in that proceeding as there is no claim that they arose subsequent thereto and the decision in that proceeding is binding on the defendant not only as to the contentions there made but as to all other contentions which could have been made.

In the course of our opinion in Mitchell v. Village Creek Drainage Dist., 8 Cir., 158 F.2d 475, 477, it is said:

> "It is elementary that res judicata may be pleaded as a bar not only as

respects matters actually presented to sustain or defeat the right asserted in the earlier proceeding but also as to any other available matter which might have been presented to that end. Stevens v. Shull, 179 Ark. 766, 19 S.W.2d 1018, 64 A.L.R. 1258; Chicot County Drainage Dist. v. Baxter State Bank, 308 U.S. 371, 64 S.Ct. 317, 84 L.Ed. 329; Jackson v. Irving Trust Co., 311 U.S. 494, 61 S.Ct. 326, 85 L.Ed. 297; Billings Utility Co. v. Advisory Committee Board of Governors, 8 Cir., 135 F.2d 108; Kithcart v. Metropolitan Life Ins. Co., 8 Cir., 119 F.2d 497; McIntosh v. Wiggins, 8 Cir., 123 F.2d 316; Howard v. Chicago, B. & Q. R. Co., 8 Cir., 146 F.2d 316. The rule is succinctly stated in 30 American Jurisprudence, Sec. 179, at page 923, as follows:

" 'The phase of the doctrine of res judicata precluding subsequent litigation of the same cause of action is much broader in its application than a determination of the questions involved in the prior action; the conclusiveness of the judgment in each case extends not only to matters actually determined, but also to other matters which could properly have been determined in the prior action. This rule applies to every question falling within the purview of the original action, in respect to matters of both claim and defense, which could have been presented by the exercise of due diligence.' "

We have specifically held that the doctrine of res judicata is applicable to a proceeding under Title 28 U.S.C. § 2255. Wilson v. United States, 8 Cir., 166 F. 2d 527; Ray v. United States, 8 Cir., 197 F.2d 268; Howard v. United States, 8 Cir., 199 F.2d 276. What is said by us in Wilson v. United States, supra, is here peculiarly apposite. In the course of the opinion in that case we, among other things, said [166 F.2d 528]:

"The record brought to this court at the instance of appellant discloses that since his imprisonment in Janu-

ary, 1946, he has filed three different, but substantially identical, motions in the district court to vacate the sentence and correct the judgment.

\* \* \* \* \*

"No appeal was taken from either of the orders denying the first two motions.

\* \* \* \* \*

"Although counsel for appellee has not suggested by motion or otherwise, either in the trial court or in this court, that the appeal is barred, we are of the opinion that it is barred by the doctrine of res judicata, and that we should so hold.

\* \* \* \* \*

" \* \* \* the question whether a federal appellate court will hear a party who has thus voluntarily submitted the same issue to a district court and had a decision thereon without appeal involves not only the rights of the party, but the right of the appellate court to protect itself from litigation by a party who has already had his right finally determined in the district court. The question involves also the decent respect of the appellate court for the considered judgments of the district court arrived at after a fair hearing and upon due consideration."

■ The instant case is even stronger because the defendant here appealed from the order denying his motion to vacate the judgment and sentence and on appeal the order was affirmed and no appeal has been perfected from the decision of this court so that no doubt can be entertained as to its finality. Public policy requires that there should be an end of litigation and litigants are entitled to protection from harassment by attempts to relitigate questions already finally determined.

We are of the view that the trial court correctly held as a matter of law, from an examination of the record and files in this case, that the defendant was entitled to no relief. His presence at the hearing

was quite unnecessary and he was not entitled to introduce testimony because under the doctrine of res judicata he was precluded from so doing by the prior order entered by the trial court and affirmed on appeal by this court. We have considered all the other contentions urged by defendant on this appeal and find them wholly without merit.

The orders appealed from are therefore affirmed.