Robert Edward LIPSCOMB, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 16873.

United States Court of Appeals
Eighth Circuit.

Jan. 18, 1962.

R. E. Lipscomb, pro se.

D. Jeff Lance, U. S. Atty., St. Louis, Mo. and Lee J. Placio, Jr., Asst. U. S. Atty., St. Louis, Mo., was on the typewritten brief, for the United States.

Before SANBORN and VAN OOSTERHOUT, Circuit Judges, and GRAVEN, District Judge.

SANBORN, Circuit Judge.

Robert Edward Lipscomb has appealed from an order of the District Court,

dated May 22, 1961, denying without a hearing his latest motion under 28 U.S.C. § 2255 for the vacation of the sentences he is presently serving.[1] The sentences were imposed April 6, 1951, and were based on his plea of guilty to an information in five counts, after he had waived indictment and the appointment of counsel. The factual and legal background of Lipscomb's running controversy with the Government with respect to the legality of his detention is fully set forth in the decisions of this Court disposing of his prior appeals from orders denying motions substantially similar to those under review. See Lipscomb v. United States, 8 Cir., 209 F.2d 831, certiorari denied 347 U.S. 962, 74 S.Ct. 711, 98 L.Ed. 1105, rehearing denied 347 U.S. 1022, 74 S.Ct. 875, 98 L.Ed. 1142; Lipscomb v. United States, 8 Cir., 226 F.2d 812, certiorari denied 350 U.S. 971, 76 S.Ct. 445, 100 L.Ed. 843, rehearing denied 350 U.S. 1003, 76 S.Ct. 550, 100 L. Ed. 866; Lipscomb v. United States, 8 Cir., 273 F.2d 860.

The District Court denied Lipscomb leave to prosecute his present appeal in forma pauperis, and certified that it was frivolous and not taken in good faith. Because of Lipscomb's assertion that this Court had erroneously applied the doctrine of res judicata in affirming the denial by the District Court of the motions under review in 226 F.2d 812, we granted him leave to proceed in forma pauperis.

The first appeal of Lipscomb (209 F.2d 831) involved the denial of his motion of June 16, 1952, under 28 U.S.C. § 2255, which was based upon his claim that at the time he was arraigned he was mentally incompetent, because of drug addiction, to waive indictment and right to counsel, and to enter a valid plea of guilty. The District Court accorded him a plenary hearing on his motion and his claim of mental incompetency. Lipscomb was present at the hearing, was represented by counsel, and gave testimony. From the testimony adduced at the hear-

ing, the District Court determined that at all pertinent times Lipscomb was mentally competent and that he had voluntarily waived indictment and his right to counsel and entered a plea of guilty. This Court held that these findings were sustained by an "overwhelming preponderance" of evidence.

The second appeal of Lipscomb (226 F.2d 812) had to do with several motions which the sentencing court denied: (1) a motion filed November 12, 1954, to withdraw his plea of guilty; (2) a motion to reconsider the denial of that motion; (3) a motion to invalidate his sentences on the ground that consecutive sentences were unauthorized; and (4) a motion to vacate the sentences on the ground that the waiver of indictment was not voluntary.

This Court, in affirming the orders appealed from (226 F.2d 812), held that there was no merit in any of Lipscomb's contentions,—that the denial of his motion to withdraw his plea of guilty was discretionary; that the consecutive sentences imposed were valid; and that the question of the voluntariness of his waiver of indictment had been heard and determined. The Court went on to say that the doctrine of res judicata was applicable to successive motions under 28 U.S.C. § 2255 for the vacation of sentences. It is apparent, however, that the actual basis for this Court's affirmance of the challenged orders was not a reliance upon res judicata. The sentencing court had determined, after a full hearing, that Lipscomb was mentally competent when he convicted himself by entering his plea of guilty on April 6, 1951. Section 2255 expressly provides: "The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." The motions of Lipscomb reviewed by this Court in 226 F.2d 812 were either clearly without merit or were successive motions which the sentencing court was not required, and could

[1]. The order also denied a motion for a mental examination, a motion to correct sentence, a motion to withdraw plea of guilty, and a motion for a resentence.

not be required, to entertain. See and compare: Martyn v. United States, 8 Cir., 176 F.2d 609, 610; Story v. United States, 8 Cir., 185 F.2d 952, 954; Shobe v. United States, 8 Cir., 220 F.2d 928; Jackson v. United States, 4 Cir., 224 F.2d 556; Burns v. United States, 8 Cir., 229 F.2d 87, 89.

■ ˙ The doctrine of res judicata does not apply to successive motions to vacate sentence under § 2255. The statement of this Court in its opinion in the second Lipscomb appeal (226 F.2d 812) that the doctrine of res judicata was applicable to successive motions under § 2255 was overruled by implication in Bistram v. United States, 8 Cir., 237 F.2d 243, 246, on the authority of Barrett v. Hunter, 10 Cir., 180 F.2d 510, 515, 20 A.L.R.2d 965. In the Barrett case, Chief Circuit Judge Phillips, who was entirely familiar with the history and background of 28 U.S.C. § 2255 and the reasons for its enactment, said with respect to successive motions for vacation of sentences (pages 514–515 of 180 F.2d, pages 971–972 of 20 A.L.R.2d):

"Section 2255 provides that the sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner. We do not think it was intended by such provision to give the court unqualified discretion to refuse to entertain a second or successive motion. Rather, we think it was intended to provide that a second or successive motion should be disposed of in the exercise of sound judicial discretion, guided and controlled by a consideration of whatever has a rational bearing on the propriety of the relief sought, among which is a prior refusal to grant relief on a like motion. If the second or successive motion sets up new or dissimilar grounds for relief which are within the purview of the grounds enumerated in the third paragraph of § 2255, and the motion and the records and files in the case do not conclusively show that the prisoner is

entitled to no relief, the court should ordinarily entertain such second or successive motion. So construed, the provision conforms with the rule in habeas corpus with respect to successive applications for the writ, laid down by the Supreme Court in Salinger v. Loisel, 265 U.S. 224, 230, 232, 44 S.Ct. 519, 521 [68 L.Ed. 989], * * *."

That is undoubtedly a correct statement of the applicable law. In United States v. Hayman, 342 U.S. 205, 219, 72 S.Ct. 263, 272, 96 L.Ed. 232, the Supreme Court said:

"* * * Nowhere in the history of Section 2255 do we find any purpose to impinge upon prisoners' rights of collateral attack upon their convictions. On the contrary, the sole purpose was to minimize the difficulties encountered in habeas corpus hearings by affording the same rights in another and more convenient forum."

In habeas corpus proceedings prior to the enactment of § 2255, while the doctrine of res judicata was not applicable, a court had discretion to decline to entertain successive applications for a writ. This was pointed out by the Supreme Court in Salinger v. Loisel, 265 U.S. 224, 230–232, 44 S.Ct. 519, 68 L.Ed. 989; Wong Doo v. United States, 265 U.S. 239, 44 S.Ct. 524, 68 L.Ed. 999; and Darr v. Burford, 339 U.S. 200, 215, 70 S.Ct. 587, 94 L.Ed. 761.

■ A court may not arbitrarily refuse to entertain a second or successive motion for vacation of sentence under 28 U.S.C. § 2255 if the motion is not frivolous, malicious or vexatious and presents a new or dissimilar ground for relief available under § 2255.

■ In the instant case, this rule is of no help to Lipscomb. The District Court was entirely justified in denying his motions which sought redetermination of questions which had already been adequately determined. The fact that Lipscomb in his latest motion claimed that his alleged mental incompetency at the

time of his arraignment was due to the use of different drugs than those to which he stated in his first motion he had been addicted; that he had been enslaved by "the evil Colonel Romanoff, the notorious Soviet spy"; and that such enslavement made him (Lipscomb) unable to distinguish right from wrong, did not require the District Court to entertain his motion.

The order appealed from is affirmed.