## POINDEXTER v. UNITED STATES.
### No. 12595.

Circuit Court of Appeals, Eighth Circuit.
Dec. 13, 1943.

G. C. Hardin, of Ft. Smith, Ark., for appellant.

Philip G. Alston, Asst. U.S. Atty., of Fort Smith, Ark. (Clinton R. Barry, U.S. Atty., of Fort Smith, Ark., and Nelson H. Sadler, Asst. U.S. Atty., of Van Buren, Ark., on the brief), for appellee.

Before SANBORN, WOODROUGH, and RIDDICK, Circuit Judges.

WOODROUGH, Circuit Judge.

The appellant was tried and convicted upon two indictments predicated upon the same transactions and consolidated for trial, one charging violation of the Mann Act, 18 U.S.C.A. § 398, and the other charging violation of the Federal Kidnapping Act, 18 U.S.C.A. § 408a, to both of which he had plead not guilty.

The first indictment charged that on or about the 4th day of January, 1943, appellant transported in interstate commerce from the City of Fort Smith in the State of Arkansas to a point in the vicinity of Muldrow, Sequoyah County, Oklahoma, one Mary Hanes, a female person, for the purpose of inducing, enticing and compelling her to engage in immoral practices. The second indictment charged that on or about the 4th day of January, 1943, appellant transported the same Mary Hanes in interstate commerce between the same points for the purpose of raping her. It contained allegations, in the words of the statute, that Mary Hanes had been unlawfully "seized, confined, inveigled, decoyed, kidnapped, abducted, and carried away" for the purpose of rape, and that the means used had been false representation made to her by appellant that he had come to her home for the purpose of carrying her to the house of her father, R. W. Hanes, located in Fort Smith, so that she might see one Clarence Metheny. It was further alleged that appellant by these false representations induced Mary Hanes to accompany him to a point in the vicinity of Muldrow, Oklahoma, where he raped her, and that this was the purpose of his inducing her to accompany him.

Appellant was sentenced to five years imprisonment on the first, and to seven and one-half years imprisonment on the second indictment, to be served consecutively, and

has appealed. He asserts (1) that the evidence was insufficient, (2) that instructions given to the jury were erroneous, and (3) that testimony was erroneously admitted by the court.

■■■ (1) It is unquestioned that at the time of the occurrences here involved appellant was a married man, about 37 years old, and Mary Hanes was a girl under sixteen years of age, living with her aunt at 1718 South "Z" Street in Fort Smith. On the night of the 4th of January, 1943, appellant went to the house in his automobile, induced Mary Hanes to enter his automobile and drove her in the automobile across the state line into Oklahoma. She did not return until the next day after noon. Immediately after her return, she was examined by a physician who testified to indications of sexual intercourse which he found upon her and gave his opinion "that the girl had not had previous intercourse." There was substantial evidence that on the night in question appellant induced Mary Hanes to enter his car and go with him by making false and deceptive representations that he was taking her to see one Clarence Metheny, as charged in the indictment, and that she was induced to remain in the car and be driven out of town and across the river into Oklahoma upon repetition of the same false representations made to her by appellant. That after appellant had lured the girl away from her home and transported her in his car several miles into the State of Oklahoma to some place near Roland, a little community about two miles off of Highway 64, he made attempts upon her, but she resisted and succeeded in getting out of the car and started back towards Fort Smith. He tried to turn his car around to pursue her, but in so doing stalled the car in the mud, which gave her opportunity to hide in the bushes across the ditch by the roadside, scratching her legs on the briers and fence wires. He got his car out and passed by her. She then walked several miles back to the highway and upon it towards her home. On the way she stopped at a number of houses seeking assistance in getting home. She was unsuccessful and had nearly reached Moffett, across the river from Fort Smith, when she was overtaken by appellant, who got her back into his car, and thereafter she was carried back along the highway towards Muldrow and assaulted and raped by him. The persons at whose houses she appealed for assistance in getting back home testified to having seen her and to the inquiries and requests she made.

It is clear that there was substantial evidence in support of each and every element of the offenses charged against the defendant in each of the two indictments, but it is argued that contradictory testimony given by witnesses called by defendant was more credible. The weight of that testimony and the credibility of the witnesses who gave it were for the jury to determine. See Elzig v. Gudwangen, 8 Cir., 91 F.2d 434, 440, 444. The trial court was not in error in submitting the case to the jury, and the verdict is supported by the evidence.

■■■ No exceptions were preserved to the instructions given by the court and our examination of them has convinced that the law and the issues were fairly and impartially presented and there was no error.

■■■ (3) Complaint is made that the court admitted in evidence the testimony of the persons who lived along the road near the village of Roland to whom Mary Hanes appealed for assistance in getting home. They testified that she had knocked at their doors late in the night and inquired about means to get back, and in one instance had entered into the house and remained for 40 or 45 minutes. She stated to one of them that she had been brought up there to that vicinity by appellant to see Clarence Metheny. There was testimony by witnesses for the defense to the effect that Mary Hanes had spent the night in question contentedly in defendant's automobile in company with defendant and two other persons and that they had not been at Roland, Oklahoma, and she had not left the car. Thus the proof that she had gotten out of the car near Roland and had attempted to obtain assistance to get home was directly pertinent and relevant. Her action in making verbal appeals for assistance, together with her statement of the predicament into which she had been brought by the deceit practiced upon her, presented the facts of her resistance, revealing themselves through her words as well as her acts at the time. Her statement was, therefore, entirely competent and relevant. Busch v. United States, 8 Cir., 52 F.2d 79, loc.cit. 88.

■■■ It is true her declarations at that time would not sustain the charge of the

indictment that appellant had lured her into his car by deceit practiced upon her at her home. It was incumbent on the prosecution to make proof of that charge directly beyond a reasonable doubt, and that proof was made by the witnesses then and there present, and although appellant did not testify, he did give a voluntary written statement to a government agent admitting that he had told Mary's aunt "that some one wanted to see Mary" and "By telling this story I was able to get Mary into my car." It was therefore apparent that Mary's statements to the folks along the Roland road were not to prove the fact of the appellant's deceit in Fort Smith but were to prove the fact of her resistance to appellant and her attempt to escape from him out on the road near Roland which appellant's witnesses denied. The defendant on the trial might have requested the court to explain to the jury the legal limitations upon the competency of the testimony but he did not do so.

The trial was in all respects fair, impartial and according to law.

Affirmed.