## LANGSTON v. UNITED STATES.

### No. 13140.

Circuit Court of Appeals, Eighth Circuit.

Feb. 26, 1946.

John L. Sullivan, of Little Rock, Ark., for appellant.

Sam Rorex, U. S. Atty., and W. H. Gregory, Asst. U. S. Atty., both of Little Rock, Ark., for appellee.

Before GARDNER, WOODROUGH, and JOHNSEN, Circuit Judges.

WOODROUGH, Circuit Judge.

This appeal is taken to reverse an order which denied a motion made by appellant to correct a judgment and sentence entered upon his plea of guilty to the two counts of an indictment against him. The first count of the indictment charged him with violation of 18 U.S.C.A. § 408, in the transportation in interstate commerce of a described automobile knowing the same to have been stolen, and the second count charged violation of 18 U.S.C.A. § 408a, in the transportation in interstate commerce in the same automobile of a person who had been kidnapped and held for the purpose of robbing him and for the purpose of preventing him from reporting the theft and transportation of the automobile. The court imposed sentence of imprisonment for five years on the first count and sentence of imprisonment for ten years on the second count, the sentences to be served consecutively. It is contended for reversal that the two sentences were beyond the power of the court because only one offense for the purpose of punishment was charged in the indictment.

The many cases involving the question whether one single offense or more than one have been committed in the course of unlawful action have been collated in the briefs and have been considered, but we think it clear that the facts set forth in the indictment here, admitted by the plea, present two separate and distinct crimes committed by appellant for which two sentences were properly imposed. The transporting of a kidnapped person contrary to the statute is a crime of a kind that is essentially different from the crime of transporting an automobile knowing it to have been stolen, and the distinction is no less apparent because the offender made use of the same stolen car in the commission of the two crimes. The control of such a machine as an automobile puts it in the power of evilly disposed person to commit many crimes which he could not effect with his bare hands, but the fact that his

movement of the car is itself a crime suggests no reason to exempt him from accountability for the commission of such other crimes. Here it is manifest that Congress intended to and did denounce the transporting of the stolen car as one crime for which a penalty should be assessed and the kidnapping by means of the car another and distinct crime for which it provided a different penalty. We find no error or lack of authority in the imposition of the two sentences. Morgan v. Divine, 237 U.S. 632, 35 S.Ct. 712, 59 L.Ed. 1153.

Affirmed.