**BROOKS et al. v. UNITED STATES.**
**RICHARDSON v. UNITED STATES.**

Nos. 6452, 6453.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 6, 1952.

Decided Oct. 11, 1952.

James R. Nance, Fayetteville, N. C. (J. B. Lee, Jr., J. K. Powell, Whiteville, N. C., and Carl A. Barrington, Fayetteville, N. C., on brief), for appellants.

Charles P. Green, U. S. Atty., Raleigh, N. C. (Cicero P. Yow, Asst. U. S. Atty., Wilmington, N. C., on brief), for appellee.

Before PARKER, Chief Judge, SOPER, Circuit Judge, and WILLIAMS, District Judge.

PARKER, Chief Judge.

These are appeals in criminal cases in which the appellants were convicted and sentenced under indictments charging violation of the kidnapping act, 18 U.S.C. § 1201(a) and conspiracy to violate the act. The evidence established without contradiction that appellants, who were members of the Ku Klux Klan, disguised themselves in the regalia of the Klan and seized a man and woman at the woman's residence in North Carolina, forcibly carried them to a lonely spot in South Carolina where they were given a flogging and told to stop living together and making liquor and to attend church.

■■ It is contended that no violation of the kidnapping statute was alleged or proven because the abduction and transportation of the persons flogged was not for ransom or reward or other benefit to appellants. There is no merit in this contention. As pointed out by the Supreme Court in the case of Gooch v. United States, 297 U.S. 124, 127–128, 56 S.Ct. 395, 397, 80 L.Ed. 522, the purpose of the amendment made by the Act of May 18, 1934 to the kidnapping act was to "extend Federal jurisdiction under the act to persons who have been kidnaped and held, not only for reward, but for any other reason, except that a kidnaping by a parent of his child is specifically exempted. * * *" There is nothing to the contrary in Chatwin v. United States, 326 U.S. 455, 66 S.Ct. 233, 237, 90 L.Ed. 198, which held merely that the statute could not be applied to "situations lacking the involuntariness of seizure and detention which is the very essence of the crime of kidnaping."

The kidnapping statute as passed in 1932 required that the transported person be held "for ransom or reward". In the

amendment of 1934, Congress enlarged the purpose and coverage of the act by inserting the words "or otherwise, except, in the case of a minor, by a parent thereof". The purpose of the amendment was set forth in the Report of the Senate Judiciary Committee (Sen.Rep. No. 534, 73rd Cong. 2nd Session), quoted in a note to the opinion in Gooch v. United States supra, as follows: " * * * The object of the addition of the word 'otherwise' is to extend the jurisdiction of this act to persons who have been kidnaped and held, not only for reward, but for any other reason." The House Judiciary Committee gave the purpose of the amendment (H.Rep. 1457, 73rd Congress, May 3, 1934), quoted in the body of the opinion in the Gooch case, as follows:

"This bill, as amended, proposes three changes in the act known as the 'Federal Kidnaping Act.' First, it is proposed to add the words 'or otherwise, except, in the case of a minor, by a parent thereof.' This will extend Federal jurisdiction under the act to persons who have been kidnaped and held, not only for reward, but for any other reason, except that a kidnaping by a parent of his child is specifically exempted. * * *"

The lower federal courts have held that interstate transportation of a kidnapped person for the following purposes is punishable under the act, viz.: The extortion of a confession to enhance the reputation of the kidnapper as a detective, United States v. Parker, 3 Cir., 103 F.2d 857; securing the services of the kidnapped person by the kidnappers, Miller v. United States, 8 Cir., 123 F.2d 715; robbery and the prevention of reporting of the crime, Langston v. United States, 8 Cir., 153 F.2d 840; securing transportation in the victim's automobile, Wheatley v. United States, 4 Cir., 159 F.2d 599, 600; the transportation of the kidnappers to aid his escape from penal confinement, United States v. McGrady, 7 Cir., 191 F.2d 829; the placing of the victim in a house of prostitution, United States v. Bazell, 7 Cir., 187 F.2d 878; the rape of the victim, Poindexter v. United States, 8 Cir., 139 F.2d 158.

It is argued that no conspiracy to violate the statute was shown because it is not alleged or proven that there was an intent to cross the state line. We need not consider this contention, however, since the same sentences were imposed under the conspiracy counts of the indictment as were imposed under the substantive counts and, since the sentences ran concurrently and those imposed under the substantive counts were unquestionably proper, any error with respect to the offense charged in the conspiracy counts, if there was error, would necessarily be harmless.

Affirmed.