Charles Woodrow BURNS, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 15410.

United States Court of Appeals
Eighth Circuit.

Jan. 24, 1956.

Charles Woodrow Burns on brief pro se.

Edward L. Scheufler, U. S. Atty., and Horace Warren Kimbrell, Asst. U. S. Atty., Kansas City, Mo., on the brief for appellee.

Before GARDNER, Chief Judge, and WOODROUGH and VOGEL, Circuit Judges.

GARDNER, Chief Judge.

Appellant was indicted, tried and convicted under the Federal Kidnapping Act, 18 U.S.C.A. § 1201. The indictment charged:

"That on or about the 24th day of June, 1952, the above named defendant, Charles Woodrow Burns, alias Woody, did knowingly transport in interstate commerce from Kansas City, Missouri, within the Western Division of the Western District of Missouri, into the State of Kansas, one Helen Marie Thresh-

er, a female, 13 years of age, who had theretofore been unlawfully inveigled, decoyed, abducted, kidnapped and carried away by the said Charles Woodrow Burns for the purpose of assault upon her person and rape and that the said Helen Marie Thresher was not liberated unharmed by the said Charles Woodrow Burns."

We shall refer to appellant as defendant. Defendant was represented by able counsel appointed by the court and entered his plea of not guilty. At the close of the government's testimony introduced in support of the indictment defendant introduced testimony and was a witness in his own behalf and at the close of all the testimony he interposed a motion for judgment of acquittal which motion was overruled and the case submitted to the jury. After due deliberation the jury returned a verdict finding defendant guilty. On the verdict so returned the court on the 17th day of December, 1952 entered judgment adjudging:

"* * * that the defendant has been convicted upon his plea of not guilty and a verdict of guilty, returned by a jury on December 17, 1952, of the offense of knowingly transporting in interstate commerce a certain female, 13 years of age, who had theretofore been unlawfully inveigled, decoyed, abducted, kidnapped and carried away by the said Charles Woodrow Burns, alias Woody, for the purpose of assault upon her person and rape and that the said certain female, 13 years of age, was not liberated unharmed by the said Charles Woodrow Burns, as charged in an Indictment of one count, and the court having asked the defendant whether he has anything to say why judgment should not be pronounced, and no sufficient cause to the contrary being shown or appearing to the Court.

"It Is Adjudged that the defendant is guilty as charged and convicted.

"It Is Adjudged that the defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of the remainder of the defendant's natural life, without costs."

In due time defendant moved for a new trial which was denied and defendant pursuant to the sentence as entered was committed to the United States Penitentiary at Leavenworth, Kansas where he is still confined. No appeal was taken nor prosecuted from the judgment and sentence. On May 27, 1953 defendant made a motion to vacate and set aside the judgment and sentence under Section 2255, Title 28, U.S.C.A. This motion was overruled by the court on the ground that the motion partook of the nature of a motion for new trial and did not allege any matters properly within the purview of Section 2255, Title 28, U.S.C.A. No appeal was perfected from that order. On August 22, 1953 defendant filed a second motion to vacate and set aside the judgment of conviction which motion was overruled by the court and no appeal therefrom was perfected. On May 12, 1955 defendant again interposed a motion to vacate judgment and sentence and set aside verdict rendered by jury and for dismissal of indictment. The court in denying the motion entered its order which reads as follows:

"This is another motion by petitioner, under Section 2255, Title 28, U.S.C.A., to vacate and set aside the judgment of his conviction and his sentence to imprisonment, and sets forth the same alleged grounds and reasons as were contained in numerous similar motions heretofore filed by him in this proceeding, all of which have been considered and denied.

"By the express terms of Section 2255, Title 28, U.S.C.A., 'The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner.' Nevertheless, I have reexamined into the matter

and find that the motion is without merit, and it should be, and it is hereby, denied."

From this order defendant has appealed seeking reversal on substantially the following grounds: (1) As the indictment fails to charge an offense under the Federal Kidnapping Act and the evidence fails to sustain a conviction under that act defendant can challenge the validity of the judgment on motion made under Section 2255, Title 28, U.S.C.A.; (2) The District Court erred in holding that appellant could not litigate a motion to vacate the judgment and sentence notwithstanding the invalidity of the indictment; (3) The District Court erred in failing to find that the indictment failed to charge a crime under the Federal Kidnapping Act; (4) The District Court erred for other errors appearing of record; (5) The indictment did not charge an offense under the Federal Kidnapping Act and the evidence did not sustain the verdict; and (6) The evidence did not sustain the verdict notwithstanding the indictment being void on its face.

It is the contention of the government that defendant for procedural reasons cannot prevail on this appeal. It appears from an examination of the record and particularly the recitals in the order appealed from that the defendant had filed on two different occasions motions to vacate the judgment of conviction on the same alleged grounds and reasons set forth in the motion here under consideration. Each of the prior motions was denied and no appeal from the orders denying those motions was ever perfected. Section 2255, Title 28 U.S.C.A., of the Judicial Code, among other things, provides:

"The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner."

■ If defendant desired to challenge the correctness of the court's decision he should have appealed from the first order denying his motion. Having failed to do so he cannot now complain that the court has denied his third motion based upon substantially the same grounds as the prior two motions which the court denied. Wilson v. United States, 8 Cir., 166 F.2d 527; Story v. United States, 8 Cir., 185 F.2d 952; Lipscomb v. United States, 8 Cir., 226 F.2d 812.

■ There are still other reasons why the court's order denying defendant's motion to vacate the judgment should be sustained. A motion to vacate a judgment as provided by Section 2255, Title 28, U.S.C.A. is a collateral attack upon the judgment of conviction and can only be sustained upon grounds which would warrant the granting of a writ of habeas corpus. Such a motion must challenge the jurisdiction of the court or must charge that the defendant has been deprived of due process of law or of other rights guaranteed him by the Constitution of the United States. Lipscomb v. United States, supra; Taylor v. United States, 4 Cir., 177 F.2d 194; Birtch v. United States, 4 Cir., 173 F.2d 316. The jurisdiction of the court is conceded and a careful search of the entire record affirmatively convinces that the defendant was not deprived of due process of law nor of any right guaranteed him by the Constitution of the United States.

■ The questions which defendant now seeks to have adjudicated are such as could be raised only on appeal from the judgment. A motion to vacate a judgment as provided in Section 2255, Title 28, U.S.C.A. cannot be made to serve the purpose of an appeal. Taylor v. United States, supra; Birtch v. United States, supra; Howell v. United States, 4 Cir., 172 F.2d 213; Crowe v. United States, 4 Cir., 175 F.2d 799. What is said in Taylor v. United States, supra [177 F.2d 195], is here peculiarly apposite. In the course of the opinion in that case it is said, inter alia:

"Prisoners adjudged guilty of crime should understand that 28 U.S.C.A. § 2255 does not give them the

right to try over again the cases in which they have been adjudged guilty. Questions as to the sufficiency of the evidence or involving errors either of law or of fact must be raised by timely appeal from the sentence if the petitioner desires to raise them. Only where the sentence is void or otherwise subject to collateral attack may the attack be made by motion under 28 U.S.C.A. § 2255, which was enacted to take the place of habeas corpus in such cases and was intended to confer no broader right of attack than might have been made in its absence by habeas corpus."

■■ Defendant argues that the evidence was insufficient to sustain his conviction of the crime of kidnapping and relies strongly upon the case of Chatwin v. United States, 326 U.S. 455, 66 S.Ct. 233, 90 L.Ed. 198. In that case there was an appeal from the judgment of conviction. The case had been tried to the court without a jury upon a stipulated statement of facts and the court held that the facts as there stipulated were insufficient to prove the crime for which the defendant had been convicted. If the question were properly before us we could very readily distinguish the facts as stipulated in that case and the facts as proven in this case, but as we have observed, that question can only properly be raised by appeal from the judgment of conviction. However, because of the severity of the sentence imposed in this case we have carefully examined the transcript of the evidence. A detailed recital of the sordid facts disclosed by the testimony would serve no useful purpose. It is contended that the transportation of this thirteen year old girl was with the approval and consent of her mother. Her mother consented to the transportation of the girl and her younger brother from Kansas City, Kansas to their home in Kansas City, Missouri but that is not the transportation in interstate commerce charged in the indictment. The indictment charges transportation from Kansas City, Missouri to Kansas City, Kansas. That transportation was not consented to by the mother of the little girl nor by the victim who because of her age will be presumed to be incapable of consenting to the illegal acts charged and who testified in fact that she did not consent and without reciting the details of the testimony in this regard we digress from the issues properly presented to observe that the crime as alleged was proven by abundant evidence. Poindexter v. United States, 8 Cir., 139 F.2d 158. It is also argued that the indictment was insufficient because it did not charge that the victim transported in interstate commerce was held for ransom or reward. The indictment follows the language of the statute and certainly is not vulnerable to attack in a collateral proceeding. Miller v. United States, 8 Cir., 123 F.2d 715; Langston v. United States, 8 Cir., 153 F.2d 840; United States v. Parker, 3 Cir., 103 F.2d 857; Wheatley v. United States, 4 Cir., 159 F.2d 599; United States v. McGrady, 7 Cir., 191 F.2d 829; United States v. Bazzell, 7 Cir., 187 F.2d 878; Brooks v. United States, 4 Cir., 199 F.2d 336.

Because of the seriousness of the offense charged and the fact that the defendant is acting as his own counsel we have not strictly confined our consideration to the issues that may properly be considered in a case of collateral attack but have searched the record and are convinced that the defendant has had a fair trial, that his guilt has been abundantly proven and that there has been no miscarriage of justice. The order appealed from is therefore affirmed.