Charles Woodrow BURNS, Appellant,

v.

UNITED STATES of America, Appellee.

No. 17239.

United States Court of Appeals Eighth Circuit.

July 25, 1963.

Rehearing Denied Aug. 26, 1963.

---

894

Charles Woodrow Burns, pro se.

F. Russell Millin, U. S. Atty., and Joseph P. Teasdale, Asst. U. S. Atty., Kansas City, for appellee.

Before VAN OOSTERHOUT and BLACKMUN, Circuit Judges, and YOUNG, District Judge.

YOUNG, District Judge.

This is an appeal from an order of the U. S. District Court for the Western District of Missouri overruling appellant's petition for writ of error coram nobis. Appellant was indicted under the Federal Kidnapping Act, 18 U.S.C. § 1201, and the Mann Act, 18 U.S.C. § 2421. In a consolidated trial appellant was convicted on both charges and was sentenced December 17, 1952 to life imprisonment. The present appeal represents the fifth post conviction attack on appellant's present sentence. The lower court's denial on May 12, 1955 of appellant's fourth attack pursuant to 28 U.S.C. § 2255, was

affirmed by this Court in Burns v. United States, 229 F.2d 87 (8th Cir.1956), cert. denied 351 U.S. 910, 76 S.Ct. 703, 100 L.Ed. 1445 (1956). For a brief résumé of these post conviction attacks, see Burns v. United States, supra, 229 F.2d at 88.

On October 12, 1962, appellant filed his petition for a writ of coram nobis alleging, *inter alia*, that the United States Attorney knowingly used perjured testimony and manufactured evidence to secure the conviction against appellant. The court below entertained jurisdiction of appellant's petition as a motion under 28 U.S.C. § 2255, and rejected appellant's contention that his petition, styled "petition for writ of error coram nobis," was a petition under 28 U.S.C. § 1651(a), the all writ section of the Judicial Act of 1789. The petition was denied without a hearing and this appeal has been brought by appellant who seeks reversal of the order denying his petition.

Appellant urges the following grounds for reversal: (1) The District Court erred in holding that the present petition for Writ of Error Coram Nobis was a motion for a new trial under Rule 33, Federal Rules of Criminal Procedure, because the petition made no mention of newly discovered evidence and did not invoke the District Court's jurisdiction under Rule 33; (2) The District Court erred in holding that appellant could not raise by *coram nobis* the question of perjured testimony knowingly used by the United States Attorney at the time of the trial before a jury; (3) The District Court erred in holding that appellant was not entitled to a hearing on the alleged assertion that his conviction was obtained by use of perjured testimony knowingly used by the United States Attorney; and (4) The District Court erred in holding that the doctrine of *res judicata* was applicable because of other motions that had been presented seeking relief from judgment.

The gist of appellants' present appeal is that he is entitled under *coram nobis* (eleven years after final judgment) to a hearing to present evidence of perjured testimony given at his trial in December 1952. The evidence is an undated letter allegedly written by appellant's victim,[1] a copy of which was attached to appellant's petition. The trial judge did not hold that the petition was a motion for a new trial as appellant contends, but rather merely pointed out that if the petition by appellant should be treated as a motion for a new trial on the grounds of newly discovered evidence it could not now be considered since it had not been presented within the required two year period, Fed.R.Crim.P. 33. The trial judge considered the letter on its merits and concluded that even if the letter had been presented within the two year period, the newly discovered evidence was merely "cumulative or impeaching" and hence did not meet the requirements of Mesarosh v. United States, 352 U.S. 1, 9, 77 S.Ct. 1, 5, 1 L.Ed.2d 1 (1956).

## CORAM NOBIS.

Appellant contends that the trial court erred in holding that the question of perjured testimony could not be raised by the writ of coram nobis. The court below held that since the alleged

---

1. The letter reads as follows:

"Dear Uncle Woody:

"I'm sorry to hear what they done to you, they told me you was suppose to get 20-years, and I find out that they only used me, and most of that statement ain't true. I didn't said half of what they said I did, I didn't first call police either Peggy Stover did, I just call the Hospital and told them I had an accident, and they told me to come back the next day, they try to make me said stuff that didn't happen at all, but I told the true, I didn't tell them that it happen in front of the place, Mom didn't want to appear but they call her twice to come to Court, but I will tell the truth like I did before, they twist it around to where I couldn't understand it myself. They went after Anna May and brought her to court against her own will, Daddy and Mom didn't want to go to Court at all, but they made them, I will try to write you again, I am going to write a statement that was not Kidnapped at all.

"Helen Marie."

perjured testimony was a matter outside the record and since jurisdiction conferred by 28 U.S.C. § 2255 was available, it was unnecessary to entertain common law jurisdiction for relief in the nature of *coram nobis.* Indeed, the very purpose of Section 2255 is to restate, clarify and simplify the procedure in the nature of the ancient writ of coram nobis, thus providing an expeditious remedy for correcting erroneous sentences. United States v. Hayman, 342 U.S. 205, 215–220, 72 S.Ct. 263, 270–273, 96 L.Ed. 232 (1951). There is no gainsaying the fact that procedure under *coram nobis* is unclear. United States v. Morgan, 346 U.S. 513–520, 74 S.Ct. 253–257, 98 L.Ed. 248 (1953) (dissent). Now, appellant advances an argument which is purely procedural and complains that his petition should have been treated as a writ of *coram nobis.* Admittedly, Section 2255 should not be construed to cover the entire field of remedies in the nature of *coram nobis* in federal courts. United States v. Morgan, 346 U.S. 502, 510, 74 S.Ct. 247, 252, 98 L.Ed. 248 (1953). Even so, as pointed out by the United States Supreme Court, in view of Section 2255 it is difficult to conceive a situation in a federal criminal case today where the remedy of *coram nobis* is necessary or even appropriate. United States v. Smith, 331 U.S. 469, 476, 67 S.Ct. 1330, 1334, 91 L.Ed. 1610 (1947). It is clear that a federal District Court is not bound by the label attached to the remedy pursued, but rather a duty exists to exercise jurisdiction on the basis of the factual circumstances involved. United States v. Morgan, supra, 346 U.S. at 505–510, 74 S.Ct. at 249–252. The ambiguity of the procedure under the remedy of *coram nobis* and the certainty under Section 2255 lead us to the logical preference of the latter where the facts involved establish jurisdiction under Section 2255 without any resulting prejudice.

 In the case at bar, the court below was justified in entertaining jurisdiction of appellant's petition under Section 2255. The petition constitutes a collateral attack on appellant's conviction. Such collateral attack is within the purview of Section 2255. United States v. Hayman, supra, 342 U.S. at 219, 72 S.Ct. at 272. The function of *coram nobis* is for the correction of error of fact not apparent on the record and which, if known to the court, would have prevented the entry of judgment. Lipscomb v. United States, 273 F.2d 860, 865 (8th Cir.1960). Perjured testimony induced by a prosecutor was a recognized ground for *coram nobis* at common law. Coram Nobis and the Convicted Innocent, 9 Ark.L.Rev. 118, 120 (1954). However, since the same issues sought to be raised by the petitioner under *coram nobis* can be and were considered on their merits by the court under § 2255, clearly petitioner was not prejudiced and we cannot conclude that it was error for the District Court to consider this petition under § 2255 instead of a petition for coram nobis. We, therefore, must reject appellant's contention.

### APPELLANT'S RIGHT TO A HEARING.

 Appellant urges that the District Court erred in failing to grant a hearing. Section 2255 requires that a hearing be granted unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." The importance of granting a hearing under this provision of Section 2255 has been recently emphasized, Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), and the rule is clear that where the issues raised by a motion under Section 2255 are not conclusively determined either by the motion itself or by the files and records in the trial court, a hearing must be granted. Machibroda v. United States, 368 U.S. 487, 494, 82 S.Ct. 510, 513, 7 L.Ed. 2d 473 (1962). Therefore, we must now consider whether or not the issue of perjured testimony alleged by appellant in his petition is conclusively determined either by the motion itself or by the files and records in the trial court.

In the case at bar, the issue can be determined from the motion itself. Appellant's sole basis for the charge of per-

jured testimony is the letter allegedly signed by his victim, a copy of which was attached to his petition. As appellant says in his brief, he "set out the name of a witness who allegedly perjured herself and the nature of the false testimony demonstrated in a letter written by the witness." But the letter demonstrates no such thing. It contains the following language: " * * * they try to make me said stuff that didn't happen at all, but I told the true (sic) * * * I will tell the truth like I did befor (sic) * * * " Thus the letter not only does not support the allegation of perjury, but contains two positive statements by the witness that she had told the truth before. Giving appellant the benefit of every inference that might be drawn favorably to him from this letter, it is clearly insufficient to establish the charge of perjury. Therefore, there was no error in the District Court's failure to grant a hearing on the motion and appellant's contention that the court below erred in this respect must fail.

## Conclusion

Finally, appellant contends that the District Court erred in holding that the doctrine of *res judicata*, was applicable because of other motions which had been presented seeking relief from judgment. This contention is wholly without merit. The court below expressly stated that while it would have been entirely justified in refusing to consider the contentions of appellant on the merits because they were made in a "successive motion for similar relief in behalf of the same prisoner," within the meaning of the fifth paragraph of Section 2255, the court nevertheless considered and decided appellant's contentions on the merits for the same reasons stated by this court in its opinion in an earlier Section 2255 motion filed in this case. Burns v. United States, 229 F.2d 87 (8th Cir.1956). The court below did not apply the doctrine of *res judicata* and the exhaustive opinion of the trial judge clearly indicates that appellant's petition was fully considered on

the merits. We agree with the trial judge that the files and records of this case conclusively show that appellant is not entitled to relief.

The order appealed from is affirmed.