**UNITED STATES of America,
Appellant,**

v.

**Elizabeth Irene BOETTCHER, Appellee.**

**No. 84–5301.**

United States Court of Appeals,
Fourth Circuit.

Argued May 7, 1985.
Decided Dec. 26, 1985.

---

Betsy C. Steinfeld, Asst. U.S. Atty. (William A. Kolibash, U.S. Atty., Wheeling, W.Va., on brief), for appellant.

Stephen G. Jory, Elkins, W.Va. (Elizabeth Irene Boettcher, pro se, on brief), for appellee.

Before RUSSELL and WIDENER, Circuit Judges, and TURK, United States District Judge for the Western District of Virginia, sitting by designation.

DONALD RUSSELL, Circuit Judge.

■ This criminal appeal presents a clear-cut question of statutory construction: Does the immunity under 18 U.S.C. § 1201(a) (1983) in favor of a parent kidnaping his or her own minor child, extend to aiding and abetting by the parent in such kidnaping or in his or her participation in a conspiracy to kidnap the child? The question arises out of successive abductions by two divorced parents of a minor female child: the father, living in West Virginia, abducted the child in Illinois where she was living with her mother and brought her to West Virginia; the mother, a short time later, "hired" or solicited "two males" to kidnap the daughter in West Virginia and to return the daughter to her custody in Illinois.[1] The Government has not indicted the father for the earlier abduction, accepting that he is immune from federal prosecution under section 1201. It has, however, indicted the mother, charging that, since she did not actually participate physically in the abduction but acted through others, she was not immune under the statute from conviction of aiding and abetting the two males in the abduction of her daughter and of conspiracy to abduct her daughter. The district court, however, held that the statutory immunity given the parent under section 1201 extended to the crime of aiding and abetting as well as to

conspiracy to kidnap the defendant's minor child and dismissed the indictment. We agree and affirm.

The federal kidnaping statute, enacted initially in 1932 as a consequence of the kidnaping of the son of the Charles Lindberghs, was limited to cases of kidnaping involving interstate commerce in which the victim was held "for reward or ransom." The statute, as originally enacted provided:

> That whoever shall knowingly transport or cause to be transported, or *aid or abet* in transporting, in interstate or foreign commerce, any person who shall have been unlawfully seized, confined, inveigled, decoyed, kidnaped, abducted, or carried away by any means whatsoever and held for *ransom or reward* shall, upon conviction, be punished by imprisonment in the penitentiary for such term of years as the court, in its discretion, shall determine: ... *Provided further,* That if two or more persons enter into an agreement, confederation, or *conspiracy* to violate the provisions of the foregoing Act and do any overt act toward carrying out such unlawful agreement, confederation, or conspiracy such person or persons shall be punished in like manner as hereinbefore provided by this Act. (emphasis supplied)[2]

The obvious purpose of such restricted scope for that crime ("for reward or ransom") was to eliminate from the statute's coverage the kidnaping, conspiracy to kidnap or aiding and abetting in the kidnaping by a parent of his or her child.[3] Two years later the statute was amended by extending its coverage to kidnaping in which the victim was "held for reward or ransom *or otherwise,*" thereby bringing under the statute's prohibition "all kidnaping involving interstate commerce, regardless of the

---

1. The mother secured a judgment of custody of the child in a state proceeding in Illinois; the father secured a judgment of custody in a state proceeding in West Virginia.

2. Act of June 22, 1932, Pub.L. No. 72–189, 47 Stat. 326 (codified at 18 U.S.C. § 408a (1940)).

3. This was made clear in the remarks of Chairman Dyer in the House debate: "There is not anybody who would want to send a parent to the penitentiary for taking possession of his or her own child, even though the order of the court was violated and it was a technical kidnaping." 75 Cong.Rec. 13,296 (1932).

purpose for which the kidnaped person was held." But, lest there be any misunderstanding whether the parental immunity remained, the statute added this exception: "except in the case of a minor by a parent thereof." [4] The Supreme Court in *Gooch v. United States*, 297 U.S. 124, 128, 56 S.Ct. 395, 397, 80 L.Ed. 522 (1936) and this Circuit in *Brooks v. United States*, 199 F.2d 336, 337 (4th Cir.1952), recognized that the manifest purpose of the exception was to immunize from the federal crime of kidnaping a parent who abducted his or her own child.

When Title 18 of the United States Code was revised in 1948, the kidnaping statute was renumbered as 18 U.S.C. § 1201 and its prohibition against prosecution of the parent for aiding and abetting or causing the kidnaping of his or her minor child was deleted. 62 Stat. 683, 760. The Reviser's Notes, however, make clear that "[r]eference to persons aiding, abetting or causing was omitted as unnecessary because such persons are made principals by section 22 of this title [18 U.S.C. § 2]." It follows that the revision of the statute was not intended to and did not abrogate the parental exemption for the offense of conspiring, aiding or abetting kidnaping of a minor child. On the contrary, the statute's reference to aiding and abetting was omitted in the revision solely as a housekeeping measure to avoid repetitious code sections.

That Congress never intended to expose parents kidnaping their own minor child to criminal sanctions, whether under section 1201 or under any other statute, is clearly evidenced by its refusal to make kidnaping by a parent even a misdemeanor under the Parental Kidnaping Prevention Act of 1980, 28 U.S.C. § 1738A.[5] Nor is this legislative solicitude for parents in connection with the kidnaping of their minor children unique: West Virginia, the State in which the kidnaping of which the mother was charged grants to the parent the same immunity as the federal statute. § 61–2–14, West Virginia Code (1984 rev.)

██ In conclusion, fairness in law would be mocked if a father could abduct by force from the custody of the mother a minor child in a distant State and be shielded from federal prosecution under section 1201 for such conduct but a mother, who felt forced to enlist the assistance of two males in obtaining from the offending father the custody of her child is to be denied the same immunity enjoyed by the offending father under the statute. It was intimated in argument that perhaps the Government was pressing this prosecution as a weapon of coercion to compel the mother to identify the two "friends" who had made the abduction for her so that the Government might prosecute these individuals. If such is the motive for the prosecution of the mother in this case it is an egregious misuse of prosecutorial power and is to be soundly condemned. In any event, we, as did the district court, have no doubt that Congress intended the statutory immunity granted parents kidnaping their own minor children to extend to the conduct of the defendant set forth in the indictment herein and, obedient to that Congressional purpose, we affirm the dismissal of this indictment.

AFFIRMED.

---

**4.** This legislative history is detailed in *Brooks v. United States*, 199 F.2d 336, 337 (4th Cir.1952), and *Miller v. United States*, 123 F.2d 715, 716 (8th Cir.1941), *rev'd on other grounds*, 317 U.S. 192, 63 S.Ct. 187, 87 L.Ed. 179 (1942).

**5.** The PKPA addresses the problem of interstate child abduction by requiring each state to give full faith and credit to the child custody decrees of other states, thereby limiting each state's jurisdiction to grant and modify the custody decrees of other states, *see* 28 U.S.C. § 1738A; by authorizing the use of the Federal Parent Locator Service, 42 U.S.C. § 663, to assist authorities in locating parents who have abducted their children; and by extending the application of the Fugitive Felon Act, 18 U.S.C. § 1073, which proscribes interstate flight to avoid a state felony prosecution, to parental kidnaping cases. *See generally* Note, *Child Snatching: Remedies in the Federal Courts*, 41 Wash. & Lee L.Rev. 185, 194–196 (1984).