**Eddie Lee WHITE, Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

No. 16500.

United States Court of Appeals
Eighth Circuit.

June 20, 1962.

Eddie Lee White, pro se.

Before JOHNSEN, Chief Judge, and MATTHES, Circuit Judge.

PER CURIAM.

Petitioner was convicted in 1958 of four separate violations of the narcotics laws and was given a general sentence on all the counts of 15 years.

On his application to us for leave to prosecute an appeal from the judgment in forma pauperis, we appointed counsel to represent him in making challenge to the trial court's certificate that the appeal was not taken in good faith—such appointed counsel consisting of the attorney who had represented him on the trial. Within the procedure suggested by Johnson v. United States, 352 U.S. 565, 77 S.Ct. 550, 1 L.Ed.2d 593, Farley v. United States, 354 U.S. 521, 77 S.Ct. 1371, 1 L.Ed.2d 1529, and Ellis v. United States, 356 U.S. 674, 78 S.Ct. 974, 2 L.Ed.2d 1060, there was duly submitted to us, as a basis for our action, an agreed statement of facts prepared by petitioner's counsel and the United States Attorney and approved by petitioner, the original files of the District Court, a transcript of part of the testimony on the trial, and memoranda by both petitioner's counsel and the United States Attorney.

On consideration of all this, we upheld the trial court's certificate, denied petitioner leave to prosecute his appeal in forma pauperis, and on motion of the United States Attorney made docketing and dismissal of the appeal. Petitioner subsequently filed two separate motions under 28 U.S.C.A. § 2255 to have his sentence vacated, each of which was denied by the District Court, and as to each of which we denied leave to appeal in forma pauperis on the ground that the appeal was frivolous. In both situations certiorari was sought and denied by the Supreme Court.

Petitioner has now presented to us a motion, which he denominates as one under 28 U.S.C.A. § 2106, to have us set aside the dismissal that we made of his original appeal in 1960.

Our action at the time, in denying leave to appeal in forma pauperis and making dismissal of petitioner's appeal, was neither void nor illegal, but was merely an evaluative judgment on our part as to frivolousness. That appraisal we think was both right and proper on the claims or issues sought to be raised. But even if our judgment in this respect were wrong, the situation would represent merely one of error and not of illegality in the judicial result reached.

In this situation, we can see no basis to reopen the dismissal made by us over two years ago, nor, within the traditional character of the action involved, do we believe that Coppedge v. United States, 82 S.Ct. 917, requires an automatic opening up and reconsideration of every appraisal of frivolousness in which we have heretofore engaged, merely because a request therefor is filed.

Petitioner's motion will be allowed to be filed without payment of fee, but for the reasons indicated it will be denied.