**George TURNER, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

United States District Court
W. D. Missouri, W. D.

June 27, 1962.

George Turner, pro se.

F. Russell Millin, U. S. Dist. Atty., for respondent.

JOHN W. OLIVER, District Judge.

This case involves a second motion filed pursuant to § 2255, Title 28 U.S.C.A. Petitioner was initially sentenced by the late Judge R. Jasper Smith of this Court on January 16, 1959, on pleas of guilty to five counts of an information charging violation of § 287, Title 18 U.S.C.A. A total sentence of imprisonment for ten years was imposed, five years each to run concurrently on the first three counts of the information and five years on Counts 4 and 5 to run consecutively with the sentences on the first three counts.

On March 23, 1959 petitioner filed his first motion pursuant to § 2255, together with an application for writ of habeas corpus *ad testificandum*, and a motion to proceed in forma pauperis. Judge Smith, on April 2, 1959, granted leave to proceed in forma pauperis but denied relief on the ground that "the material which has been submitted, together with the files and the records of the case, conclusively show that defendant has established no right to relief."

On April 22, 1959, petitioner, in forma pauperis, filed his notice of appeal from the "order of the Honorable R. J(a)sper Smith District Judge, dated April 2, 1959, denying a motion to vacate an alleged void conviction and sentence."[1]

Judge Smith granted petitioner leave to file the appeal but refused to permit the appeal in forma pauperis, certifying that "the appeal was without merit and not taken in good faith". The Court of Appeals, on April 28, 1959, denied petitioner leave to proceed in forma pauperis. It held that Judge Smith's certificate was "not shown to be and was not arbitrary, or unwarranted".

The Clerk of this Court was advised on May 20, 1959, by the Clerk of the

---

1. Petitioner had filed a motion for the appointment of counsel on April 7, 1959, five days after Judge Smith had denied his initial § 2255 motion. The record is clear that petitioner's appeal was from

Judge Smith's order of April 2, 1959 denying relief under § 2255 and was not an appeal taken in connection with his motion to appoint counsel.

Court of Appeals that petitioner had paid the docket fee. The original files of the District Court were accordingly ordered to be forwarded to the Court of Appeals in accordance with Rules 8(i) and (j) of that Court, 28 U.S.C.A. The Clerk of the District Court transmitted all the original documents to the Court of Appeals on May 22, 1959. The transcript of proceedings on arraignment and on sentence were forwarded to the Court of Appeals on October 7, 1959, and incorporated into the other original documents forwarded to that Court on May 22, 1959.[2]

On December 9, 1959 the Court of Appeals, in its Case No. 16226 entitled Turner v. United States of America, 271 F.2d 855 affirmed Judge Smith's order of April 2, 1959 denying petitioner's initial § 2255 motion. Its order showed that the case was heard by that Court "on the original files of the United States District Court for the Western District of Missouri and on the briefs filed by the respective parties, without oral argument".

█ § 2255 provides that "the sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner". That portion of the statute, however, does not make applicable the doctrine of res judicata to § 2255 proceedings. As recently as June 19, 1962, the Court of Appeals for the Eighth Circuit, in Breaton v. United States, 8 Cir., 303 F.2d 557 (1962), not yet reported, held that "res judicata does not apply to § 2255 proceedings". See also Lipscomb v. United States, 8 Cir., 298 F.2d 9 (1962), in which the development of the rule of decision of the Eighth Circuit on that question is fully developed.

Although many of the points asserted in petitioner's present § 2255 motion have been heretofore specifically passed on, either directly or by necessary implication, by both this Court and by the

Court of Appeals, we have nevertheless made our own independent review of the files and records of this case and from our independent examination do determine and rule that those files and records conclusively show that the prisoner is not entitled to any relief under the allegations of this, his second, § 2255 motion.

Plaintiff's factual allegations concerning his arraignment and sentencing are not sufficient to invoke the jurisdiction of this Court under § 2255 under the rules fully stated in Burleson v. United States, D.C.W.D.Mo., 205 F.Supp. 331, decided by this Court on May 24, 1962.

█ The chief and typical complaint of petitioner is that "the court allowed the Assistant United States Attorney to robe himself in the robe of extra-judicial functions of the court". In point of fact, the transcript shows that petitioner responded affirmatively to a question asked him by his court appointed counsel as to his desire to waive indictment. But entirely apart from the factual situation, petitioner's somewhat flamboyant description of the quite ordinary participation of an Assistant United States Attorney in the arraignment procedure can not be made to serve as the specific and detailed allegations of fact required in a § 2255 motion. Nor will leave be granted to further amend petitioner's second § 2255 motion for the reason that in each of the petitioner's earlier motions the same general pattern of conclusory allegation has been consistently followed.

█ We recognize that "a court may not arbitrarily refuse to entertain a second or successive motion for vacation of sentence under 28 U.S.C. § 2255", Lipscomb v. United States, supra, 298 F.2d at page 11, but neither Coppedge v. United States, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21, (cited by plaintiff) nor "the language of the statute (§ 2255) * * * strip the district courts of all discretion to exercise their common sense". Machi-

2. On May 24, 1960, petitioner filed a petition and motion for leave to withdraw his plea of guilty. Judge Smith denied that motion on June 7, 1960. Petition-
er's appeal from that order, taken June 29, 1960, was withdrawn by petitioner on September 2, 1960, and was accordingly ordered dismissed.

broda v. United States, 368 U.S. 487, at 495, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962). Cf. White v. United States, 8 Cir., No. 16,500, 303 F.2d 775 (1962), decided June 20, 1962.

Petitioner has pleaded, for example, that "it is our duty to protect the innocent and punish the guilty" and that "we must insure every individual the guarantee of life and liberty". Those principles are not violated by the procedurally necessary requirement that one must plead specific and detailed facts to bring himself within their application. Petitioner has not done so here and the jurisdiction of this Court is therefore not properly invoked.

In order to clear the record, petitioner's motion will be ordered filed in forma pauperis, but the relief prayed for will be denied.

It is so ordered.

